[S. F. No. 15390. In Bank.—January 27, 1936.]

W. B. JEFFERSON, Respondent, v. DOMENIC PIETRO-ROIA et al., Appellants.

Alfred J. Hennessy and George D. Collins, Jr., for Appellants.

Leon E. Prescott for Respondent.

LANGDON, J.—This is an action for reformation and other relief with respect to a contract for the sale of real property. Plaintiff's predecessors agreed to sell the property to defendants, under a written contract providing for payment in instalments, with interest at six per cent per annum on the unpaid balances. Defendants went into possession and commenced payments. Some time after plaintiff acquired the vendor's rights, defendants fell into arrears, and requested a reduction in the monthly instalments. The parties discussed the matter and arrived at an agreement as to the balance then due, and providing for reducing the payments to $55 per month. The agreement was reduced to writing by plaintiff and signed by the parties in February, 1929. Defendants performed under it for four years and then again fell into default. After a number of demands for performance by plaintiff, defendants advanced the proposition that the new agreement made no provision for interest, and that their payments during the four-year period, applied on the principal, were up to date. Plaintiff then brought this action. The trial court found that the interest provision

had been agreed upon, but was inadvertently omitted by plaintiff in typing the contract. The court adjudged that the instrument be reformed to conform to the expressed intention of the parties, and as so reformed, concluded that defendants were in default, and that their rights thereunder should be terminated. Judgment was accordingly rendered for plaintiff and defendants appealed.

The evidence amply supports the finding, and although defendants testified that they never agreed to pay interest, it is to be noted that the first agreement provided for interest, and that despite their alleged lack of agreement, they made payments in full under the new contract for four years.

Defendants suggest that the mistake here was only unilateral, since plaintiff prepared the writing; but the evidence is clear that though plaintiff wrote the instrument, all parties were in common mistaken as to what it contained.

The further suggestion that the statute of limitations has barred plaintiff's right of reformation is of no force, since defendants fully performed, and plaintiff had no occasion to investigate and discover the facts constituting the mistake, until defendants attempted to justify their default by raising the point that the interest provision had been omitted.

The judgment is affirmed.

Conrey, J., Curtis, J., Shenk, J., Thompson, J., and Waste, C. J., concurred.

Rehearing denied.