**HAL ROACH STUDIOS, INC., a Delaware Corporation, Plaintiff–Appellee,**

v.

**RICHARD FEINER AND COMPANY, INC., a New York Corporation, Defendant–Appellant.**

No. 87–6146.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 1988.

Decided Aug. 28, 1989.

As Amended Feb. 22, 1990.

---

Michael L. Robins, P.C., and Arthur E. Schwimmer, Los Angeles, Cal. for defendant-appellant.

Brian C. Lysaght, O'Neill & Lysaght, A Partnership Including Professional Corporations, Santa Monica, Cal., for plaintiff-appellee.

Before PREGERSON, REINHARDT and NOONAN, Circuit Judges.

REINHARDT, Circuit Judge:

This case involves the worldwide television rights to a number of Laurel and Hardy silent films ("the silent subjects"). Appellee's predecessor in interest, Hal Roach, Inc., and appellant Richard Feiner and Company, Inc. ("Feiner & Co.") entered into a written agreement to license the television rights to certain of the films to Feiner & Co. for a ten year period with an option to renew the license agreement for a second ten year term. Feiner & Co. subsequently exercised the option.

In 1984 appellee Hal Roach Studios, Inc. ("Hal Roach Studios") filed a complaint

against Richard Feiner,[1] individually, and Feiner & Co. seeking a declaration that the licensing agreement would expire on or about September 27, 1986, and that Hal Roach Studios had valid copyrights to the films. Feiner & Co. answered, asserting affirmative defenses, and counterclaimed. Feiner & Co. sought reformation of the contracts based on mutual mistake. The mutual mistake alleged was that the parties had intended the license agreement to continue in effect until the copyrights to the silent subjects had expired and those subjects had entered the public domain. At the time the parties entered into the licensing agreement, the copyrights were due to expire around 1986. However, enactment of the Copyright Act of 1976 extended the duration of the copyrights well beyond that time. *See* 17 U.S.C. §§ 301–305 (1977 & Supp.1988).[2] Feiner and Co. also sought a declaration that Hal Roach Studios did not own valid copyrights to the silent subjects or to numerous other silent films in the Hal Roach library.

On May 24, 1985, Judge Stotler dismissed the reformation counterclaim with leave to amend and the copyright counterclaims without leave to amend.[3] On July 16, 1985, on its own motion, the district court dismissed Hal Roach Studios' complaint for lack of jurisdiction and also dismissed the other counts of the counter-

claim.[4] Hal Roach Studios then filed a first amended complaint, based on diversity jurisdiction, against Feiner & Co. only, and sought a declaration that the film licenses would expire on or about September 27, 1986 in accordance with the terms of the licensing agreement.[5] In response, Feiner & Co. filed a first amended answer and a counterclaim. Feiner & Co. denied that Hal Roach Studios had any interest in the films. It also asserted the same affirmative defenses as it had to the initial complaint, as well as a new count alleging that Hal Roach Studios had assigned all its television rights in the film to Feiner & Co. in perpetuity.[6]

Hal Roach Studios moved to dismiss the counterclaim and to strike the affirmative defenses. Judge Letts[7] granted the motions. Hal Roach Studios also moved for summary judgment and judgment on the pleadings with respect to its complaint. Although Richard Feiner was no longer a defendant in the action, Hal Roach Studios sought judgment against both Feiner & Co. and Richard Feiner, individually. Feiner & Co. opposed the motion, contending that Richard Feiner was no longer a party to the proceedings and that Hal Roach Studios was not the successor in interest to the license agreement.

1. Richard Feiner was the President of Feiner & Co. and its successor in interest.

2. Prior to the passage of the 1976 Act, copyrights lasted for a period of 56 years. The 1976 Act extended the duration of existing copyrights which were in their renewal term, such as the copyrights to the silent subjects, to a period of 75 years from the date the copyright was originally secured. 17 U.S.C. § 304(b) (1977).

3. The court held that federal subject matter jurisdiction was lacking for the copyright claims because they presented only "abstract questions of no immediacy and [the counterclaim] fails to allege, and could not allege, a justiciable interest in the 150 titles for which a declaratory judgment is sought other than a license agreement for 27 titles."

4. The district court concluded that the only issue raised by the parties was for a declaration of contract rights, namely a declaration of when the September 27, 1966 license agreement was to expire, and thus the claims did not "arise

under" the Copyright Act. Moreover, because of the presence of Doe defendants, there was no diversity jurisdiction. We note that under a recent Congressional act, the presence of Doe defendants will no longer defeat diversity jurisdiction. *See* Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, 102 Stat. 4642 (1988).

5. Because Hal Roach Studios did not assert claims against any Doe defendants in its First Amended Complaint, the district court was free to exercise diversity jurisdiction over the contract claim. *See* 28 U.S.C. § 1332(a)(1) (Supp. 1988).

6. The first amended answer and counterclaim was ultimately replaced by Feiner & Co.'s third amended counterclaim. That is the Feiner & Co. pleading which is at issue here.

7. The case had been transferred from Judge Stotler to Judge Letts for all further proceedings.

Hal Roach Studios filed a reply, including a declaration of attorney Herbert G. Baerwitz and an S-1 Securities Registration Statement, which acording to Hal Roach Studios, established that it was the successor in interest to the original owner of the copyrights to the silent subjects. Baerwitz's declaration stated that his firm currently represented Hal Roach Studios and that the Registration Statement had been filed with the Securities and Exchange Commission by Hal Roach Studios' previous counsel. Feiner & Co. objected to the admissibility of the Baerwitz declaration on a number of grounds, including that the declaration was not made based upon personal knowledge. The district court overruled the objection. Subsequently, Hal Roach Studios, in its response to Feiner & Co.'s Motion for Reconsideration, filed a declaration of Earl A. Glick, who averred that he had personal knowledge of how Hal Roach Studios acquired the copyrights to the silent subjects. Again Feiner & Co. objected.

The court overruled Feiner & Co.'s objections and granted Hal Roach's motions for summary judgment and judgment on the pleadings against Feiner & Co. and Richard Feiner, individually. The court granted the motions on the basis of Hal Roach Studios' Statement of Uncontroverted Facts and Conclusions of Law, which the court incorporated by reference. The court subsequently entered a declaratory judgment against Richard Feiner and Feiner & Co., stating that the license to the silent subjects was to expire in accordance with its terms on September 27, 1986.

## ANALYSIS

### I. Richard Feiner

The initial complaint in this action named both Richard Feiner, individually, and Feiner & Co. as defendants. Hal Roach Studios' first amended complaint named only Feiner & Co. However, Hal Roach Studios' memorandum of points and authorities in support of its motions for summary judgment and judgment on the pleadings, as well as its proposed judgment, did include Richard Feiner, individu-

ally, as a named defendant. In its opposition to Hal Roach Studios' motions, Feiner and Co. informed the district court that Richard Feiner was no longer a proper defendant in this action. Nevertheless, the district judge signed Hal Roach Studios' proposed judgment without change.

It is well established that an individual is not bound by a judgment in personam resulting from litigation in which he is not named as a party. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110, 89 S.Ct. 1562, 1569, 23 L.Ed.2d 129 (1969). The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original. *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); *Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir.1956), *cert. denied*, 353 U.S. 947, 77 S.Ct. 825, 1 L.Ed.2d 856 (1957); *accord, King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987). Because Richard Feiner was not named as a party in Hal Roach Studios's first amended complaint, the district court erred in entering judgment against him.

Hal Roach Studios contends that, because Richard Feiner was not a proper party in this action, he lacks standing to appeal the judgment against him. Specifically, Hal Roach Studios argues that Richard Feiner lacks standing because he failed to raise the jurisdictional issue in the district court, intervene pursuant to Federal Rule of Civil Procedure 24, or move for relief from judgment pursuant to Federal Rule of Civil Procedure 60. These contentions are without merit.

The jurisdictional issue regarding whether Richard Feiner is a proper party was raised before the district court in Feiner & Co.'s opposition to Hal Roach Studios' motions for summary judgment and judgment on the pleadings. Furthermore, a non-party against whom judgment is entered has standing without having intervened in the district court action to appeal the district court's exercise of jurisdiction over him. *Thompson v. Freeman*, 648 F.2d 1144, 1147 n. 5 (8th Cir.1981); *Commercial Security Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1354 (10th Cir.1972); *see*

*Zenith Radio Corp.*, 395 U.S. at 110, 89 S.Ct. at 1569; *Brown v. Board of Bar Examiners of State of Nevada*, 623 F.2d 605, 608 (9th Cir.1980). If the record discloses that the district court lacked jurisdiction over the party, the appellate court has jurisdiction on appeal to correct the error. *Cf. Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986).

Finally, since a Rule 60 motion does not toll the time to appeal, *Mir v. Fosburg*, 646 F.2d 342, 344 (9th Cir.1980), nor does an appeal from a denial of Rule 60 relief bring up the underlying judgment for review, *see Browder v. Director, Dept. of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978), such a motion could not be a procedural prerequisite for Richard Feiner to file this appeal. Thus, Richard Feiner is not procedurally barred from appealing the district court's judgment.

## II. The Reformation Counterclaim

Feiner and Co. argues that the district court erred in dismissing the reformation count of its amended counterclaim for failure to state a claim. The district court held that Feiner & Co. had "allege[d] only unilateral mistake, [with] ... no demonstration that Hal Roach Studios was aware of the mistake and permitted it to go forward...." Feiner and Co. contends that the reformation count specifically alleged that the parties made a mutual mistake about a future event and that the contract failed adequately to express the mutual intent of the parties. However, we need not decide this issue, because we conclude that Feiner and Co.'s reformation claim was barred by the statute of limitations.

California Code of Civil Procedure § 338(d) provides for a three year statute of limitations for a cause of action prem-ised upon mistake, including a reformation action based on mutual mistake.[8] *Bradbury v. Higginson*, 167 Cal. 553, 557, 140 P. 254 (1914); *Goodfellow v. Barritt*, 130 Cal.App. 548, 557, 20 P.2d 740 (1933); *Davis Welding & Mfg. Co. v. Advanced Auto Bodyworks, Inc.*, 38 Cal.App.2d 270, 274, 100 P.2d 1067 (1940). The statute of limitations under Section 338(d) begins to run when "the aggrieved party discovers, or should discover, the existence of the cause of action." *Seelenfreund v. Terminix of Northern Cal., Inc.*, 84 Cal.App.3d 133, 136, 148 Cal.Rptr. 307 (1st Dist.1978).

Hal Roach Studios asserts that Feiner & Co.'s cause of action for reformation based on mutual mistake accrued upon Congress's enactment of the Copyright Act of 1976, which extended the duration of the copyrights to the silent subjects, because "[a]ll persons in the United States are chargeable with knowledge of the Statutes-at Large." *Bollow v. Federal Reserve Bank of San Francisco*, 650 F.2d 1093, 1100 (9th Cir.1981) (en banc), *cert. denied*, 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982); *see also Texaco, Inc. v. Short*, 454 U.S. 516, 531–532 & n. 25, 102 S.Ct. 781, 793 & n. 25, 70 L.Ed.2d 738 (1982). Once the Copyright Act of 1976 was passed, there was, for the first time, a conflict between the expiration date of the license agreement and the expiration dates of the copyrights to the silent subjects. Hal Roach Studios contends that because Feiner & Co. was or should have been aware of the change in the copyright law as of the date of its enactment (or at least as of its effective date), and was or should have been aware on that date that the contract provisions failed to conform to its understanding of the parties' intent, the cause of action for reformation accrued. Under this theory, Feiner & Co.'s cause of action is time-barred because of its failure to file the action on or before January 1, 1981.[9]

---

8. The parties do not dispute that the September 27, 1966 license agreement is governed by California law. While the parties have not engaged in any choice of law analysis, we see no reason to question their conclusion. One of the parties to the contract is a California corporation and signed the contract while in that state.

9. We need not decide whether an individual's knowledge of a statute is presumed as of the date of the enactment of the statute or as of its effective date. Here, the Copyright Act of 1976 was passed in October 1976 and became effective on January 1, 1978. Feiner & Co. did not bring its claim for reformation until 1984. Thus, the answer to the question whether Feiner

Feiner & Co. points out that Hal Roach Studios has not cited any case, California or otherwise, in which the court has charged a party with knowledge of a statute for the purpose of triggering the running of the applicable statute of limitations. However, when we decide a claim that involves a novel question of state law, it is the rule in this circuit that we must try to predict how the highest state court would decide the issue. *Molsbergen v. United States*, 757 F.2d 1016, 1020 (9th Cir.), *cert. denied*, 473 U.S. 934, 106 S.Ct. 30, 87 L.Ed.2d 706 (1985); *see also Paul v. Watchtower Bible & Tract Society of New York*, 819 F.2d 875, 879 (9th Cir.) ("Federal courts are not precluded from affording relief simply because neither the State Supreme Court nor the state legislature has enunciated a clear rule governing a particular type of controversy."), *cert. denied*, 484 U.S. 926, 108 S.Ct. 289, 98 L.Ed.2d 249 (1987); *Commercial Union Ins. Co. v. Ford Motor Co.*, 640 F.2d 210, 212 (9th Cir.) ("we must seek the rule we believe that [the California Supreme Court] would adhere to were it confronted with a similar situation"), *cert. denied*, 454 U.S. 858, 102 S.Ct. 310, 70 L.Ed.2d 154 (1981). In determining what the California Supreme Court would decide, we may consider recognized legal sources such as statutes, treatises, restatements, and published decisions. *Molsbergen*, 757 F.2d at 1020. We may also look to "well-reasoned decisions from other jurisdictions." *Takahasi v. Loomis Armored Car Service*, 625 F.2d 314, 316 (9th Cir.1980).

■ With this in mind, we note that under California law, parties to a contract are "presumed to know and to have had in mind" all laws in effect at the time they enter into that contract. *Alpha Beta Food Markets, Inc. v. Retail Clerks Union Local 770*, 45 Cal.2d 764, 771, 291 P.2d 433, 437 (1955), *cert. denied*, 350 U.S. 996, 76 S.Ct. 547, 100 L.Ed. 861 (1956); *Grubb v. Ranger Insurance Co.*, 77 Cal.App.3d 526, 143 Cal.Rptr. 558, 559 (1st Dist.1978); *Endo Laboratories, Inc. v. Hartford Insurance Group*, 747 F.2d 1264, 1267 (9th Cir.1984) (applying California law). Other courts have presumed even more specialized knowledge of the parties, depending on their experience. *See, e.g., Kansas Power & Light v. Burlington Northern Railroad Co.*, 544 F.Supp. 1336, 1347 (D.Kansas 1982) (presuming knowledge of statutory and case law regarding interstate commerce because both parties did "substantial business" which was subject to federal and state regulation, including regulation under the Interstate Commerce Act), *rev'd on different grounds*, 740 F.2d 780 (10th Cir.1984), *cert. dismissed*, 469 U.S. 1200, 105 S.Ct. 1155, 84 L.Ed.2d 308 (1985); *Texaco, Inc. v. Short*, 454 U.S. 516, 532, 102 S.Ct. 781, 793, 70 L.Ed.2d 738 (1982) (property owners are presumed to have knowledge of relevant statutory provisions which affect the control or disposition of that property). Feiner & Co. is a corporation that does substantial business with copyrighted works and has been involved with much copyright litigation.[10] Given these facts, we hold that, as a matter of law, Feiner & Co. knew or should have known of the change in the copyright law which established their cause of action for reformation as of January 1, 1978, the effective date of the Copyright Act of 1976.[11]

■ The question still remains as to whether Feiner & Co.'s presumed knowledge of the change in the copyright laws

---

& Co.'s claim would be barred by the three-year statute of limitations would be the same regardless of which date we chose. For purposes of this opinion, we presume, without deciding, that knowledge is inferred as of the Act's effective date.

**10.** *See, e.g., International Film Exchange, Ltd v. Corinth Films, Inc.*, 621 F.Supp. 631 (S.D.N.Y. 1985); *Richard Feiner & Co., Inc. v. Polygram Corp.*, 610 F.Supp. 250 (S.D.N.Y.1985); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 1984 Copy.L.Rep. ¶ 25, 709; *Richard Feiner &*

*Co. v. Metro–Goldwyn–Mayer*, 77 Civ. 5266 (S.D. N.Y.1977); *Price v. Hal Roach Studios, Inc.*, 400 F.Supp. 836 (S.D.N.Y.1975).

**11.** We also note the apparent incongruity of Feiner & Co.'s argument. At the same time that Feiner & Co. asserts to this court that the parties contracted with reference to the copyright laws, Feiner & Co. also asserts that it did not have, and should not be deemed to have had, knowledge of any changes in those laws.

triggered the running of the statute of limitations on its reformation claim. The general rule is that the statute of limitations under Section 338(d) begins to run when "the aggrieved party discovers, or should discover, the existence of the cause of action." *Seelenfreund v. Terminix of Northern Cal., Inc.*, 84 Cal.App.3d 133, 136, 148 Cal.Rptr. 307 (1st Dist.1978). Here, we believe that Feiner & Co. was, or should have been, put on notice of the alleged mutual mistake when the Copyright Act of 1976 became effective. In general, contract terms are to be given their ordinary meaning, *see* Cal.Civ.Code § 1644 (West 1985), and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. *Harrison Western Corp. v. Gulf Oil Corp.*, 662 F.2d 690, 695 (10th Cir. 1981); *Krasley v. Superior Court*, 101 Cal. App.3d 425, 430, 161 Cal.Rptr. 629 (4th Dist.1980). The clear language of the license agreement and the option show an agreement that was to run for a fixed term of years. Once the Copyright Act of 1976 became effective, the clear language of the license agreement plainly showed that it would expire well before the newly-extended lives of the copyrights. Thus, as of the effective date, Feiner & Co. should have been aware that (under its view of the mutual intent of the parties) a mutual mistake regarding an essential element was apparent on the face of the contract.

Feiner & Co. asserts that its presumed knowledge should not trigger the running of the statute of limitations because until Hal Roach Studios filed its initial complaint in this action, Hal Roach Studios conducted itself in complete accordance with the parties' mutual intent, namely that Feiner & Co. would have a license to use the silent subjects until Hal Roach Studios' copyrights in those works expired. However, Hal Roach Studios' behavior prior to the effective date of the Copyright Act of 1976, while perhaps not inconsistent with Feiner & Co.'s interpretation of the contract, was entirely consistent with the plain language of the license agreement. Nothing Hal Roach Studios said or did was inconsistent with the written provision stating that the license would expire at the end of the fixed term set forth on the face of the contract.[12] Under these circumstances, we see no reason to depart from the general rule that a cause of action for reformation accrues when a party discovers that an actual conflict exists between the written terms of the agreement and the alleged mutual intent of the parties.[13]

Accordingly, we hold that the statute of limitations on Feiner & Co.'s reformation action began to run when the Copyright Act of 1976 became effective and a conflict first arose between the written terms of the contract and Feiner & Co.'s alleged understanding of the parties' mutual in-

**12.** None of our discussion of the parties' actions is meant to suggest that we are reaching a decision on the merits of the reformation claim. That issue is not before us. Rather, we are merely highlighting the fact that the actions of both parties were completely consistent with both the literal language of the license agreement *and* with Feiner & Co.'s assertion that the parties intended the term of the license agreement to be coincident with that of the expiration of the copyrights to the silent subjects.

**13.** Because Hal Roach Studios never acted in a manner that was contrary to the plain contract language, Feiner & Co.'s reliance on *Jefferson v. Pietraoroia*, 5 Cal.2d 222, 54 P.2d 7 (1936), is misplaced. Feiner & Co. contends that *Jefferson* stands for the proposition that the statute of limitations does not begin to run on a reformation claim until one of the parties makes a claim or raises an issue of contract interpretation which calls the other party's attention to

the alleged mistake. In *Jefferson*, the parties had uniformly performed, not in a manner that conformed with the express terms of the contract but rather in a manner inconsistent with those terms. The court held that under those circumstances the statute of limitations did not begin to run until one party sought to change the prior uniform interpretation. 54 P.2d at 7–8.

*Jefferson* stands for a far narrower proposition than Feiner & Co. asserts. *Jefferson* merely holds that where the parties, by their actions, consistently construe a contract in a manner that conflicts with its plain meaning, the time to seek reformation does not begin to run until one of the parties repudiates the past construction and elects to rely on the plain meaning of the contract terms. Here, Hal Roach Studios never acted in a manner that conflicted in any way with the plain meaning of the disputed contract provision. Accordingly, *Jefferson* is inapplicable.

tent. Thus, Feiner & Co.'s cause of action for reformation based on mutual mistake is barred by the statute of limitations.

### III. Judgment on the Pleadings

■ The district court granted Hal Roach Studios' Rule 12(c) motion for judgment on the pleadings on its claim for a declaration that the film licenses would expire on or about September 27, 1986.[14] For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false. *Doleman v. Meiji Mutual Life Ins. Co.,* 727 F.2d 1480, 1482 (9th Cir.1984); *see also Austad v. United States,* 386 F.2d 147, 149 (9th Cir.1967). Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. *Doleman,* 727 F.2d at 1482. However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment. Fed.R.Civ.P. 12(c); *cf. Bonilla v. Oakland Scavenger Co.,* 697 F.2d 1297, 1301 (9th Cir.1982) (discussing Fed.R.Civ.P. 12(b)(6)), *cert. denied,* 467 U.S. 1251, 104 S.Ct. 3533, 82 L.Ed.2d 838 (1984).

Here, the district went beyond the pleadings in reaching its decision. The district court relied on the Baerwitz declaration and Hal Roach Studios's S–1 Registration Statement to establish that Hal Roach Studios was the successor in interest to Hal Roach, Inc., an original party to the agreement at issue. Feiner & Co. expressly denied that factual allegation in its answer to Hal Roach Studios' first amended complaint. Thus, looking solely to the pleadings, Hal Roach Studios must be considered to be a stranger to the license agreement with no legal interest in this

action and thus has no substantive rights at issue here. *See U–Haul International, Inc. v. Jartran, Inc.,* 793 F.2d 1034, 1038 (9th Cir.1986); *Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,* 701 F.2d 1276, 1282 (9th Cir.), *cert. denied,* 464 U.S. 822, 104 S.Ct. 88, 78 L.Ed.2d 96 (1983). Accordingly, the district court erred in granting its motion for judgment on the pleadings.

### IV. Summary Judgment

#### A. *Evidentiary Issues*

■ As mentioned above, the district court granted Hal Roach Studios' motion for summary judgment, declaring that the license agreement would expire in accordance with its terms on September 27, 1986. In granting the motion, the district court relied on a Hal Roach Studios S–1 Registration Statement to establish that Hal Roach Studios was the successor to Hal Roach, Inc., the original party to the license agreement. Feiner & Co. contends that the district court erred in relying on the Registration Statement, because the statement did not have a proper foundation as required by Federal Rule of Civil Procedure 56(e).

> Rule 56(e) provides in pertinent part that: Supporting ... affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith....

It is well established that unauthenticated documents cannot be considered on a motion for summary judgment. *Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir.1987). To be considered by the court, "documents must be authenticated by and attached to an affidavit that meets the requirements of [Rule] 56(e) and the

---

**14.** Federal Rule of Civil Procedure 12(c) provides in full that: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

affiant must be a person through whom the exhibits could be admitted into evidence." *Id.; see also* 10A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 2722 at 58–60 (2d ed. 1983). A document which lacks a proper foundation to authenticate it cannot be used to support a motion for summary judgment. *Canada*, 831 F.2d at 925; *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686 (9th Cir.1976); *United States v. Dibble*, 429 F.2d 598, 601–602 (9th Cir.1970).

As previously noted, Feiner & Co. denied that Hal Roach Studios had an ownership interest in the film rights at issue. In order to establish these rights Hal Roach Studios submitted a copy of an S–1 Registration Statement purportedly filed with the Securities and Exchange Commission.[15] The Registration Statement purported to explain the corporate history of Hal Roach Studios and how it acquired the film rights to the Laurel and Hardy shorts. Mr. Baerwitz, Hal Roach Studios' corporate counsel, provided an affidavit that explained his firm's role in representing Hal Roach Studios and summarized the document contents.

Feiner & Co. is correct that the district court erred in relying on the Registration Statement, because the document lacked a proper foundation. Mr. Baerwitz lacked the necessary personal knowledge to authenticate the Registration Statement. He did not prepare or file the Registration Statement, nor did he explain in his affidavit where the attached copy of the Registration Statement originated. Thus, Hal Roach Studios failed to lay a proper foundation to admit the Registration Statement.

■ However, the district court's error was harmless. The Registration Statement is not per se inadmissible. A competent witness with personal knowledge could authenticate the document. Fed.R.Evid. 901(b)(1). A certified copy of the document and an affidavit from the SEC custodian of records would also serve as sufficient authentication. Fed.R.Evid. 901(b)(7).

In opposition to Feiner & Co.'s motion for reconsideration, Hal Roach Studios submitted the declaration of Earl A. Glick, Chairman of the Board of Hal Roach Studios. This declaration fulfills the requirements of Federal Rule of Evidence 901(b)(1). Mr. Glick declared that he had been an officer, director, and shareholder of Hal Roach Studios or its predecessors since 1971, and that he had personal knowledge regarding the contents of the Registration Statement, specifically, the corporate history of Hal Roach. Furthermore, he declared that he was the owner of the company that settled its lawsuit with Hal Roach, Inc. in exchange for transfer of the Hal Roach film library to Hal Roach Studios. Feiner & Co. objected to Mr. Glick's affidavit because the Registration Statement was not attached to Mr. Glick's declaration, as required by Fed.R.Civ.P. 56(e). However, considering that both parties provided copies of the Registration Statement to the district court, any such error was harmless.[16]

■ Feiner & Co. also contends that the S–1 Registration Statement was inadmissible hearsay and that the district court erred in admitting it into evidence under Federal Rule of Evidence 803(24), the "catch-all" exception to the hearsay rule. That rule provides in pertinent part that:

A [hearsay] statement not specifically covered by any of the foregoing exceptions but having equivalent circumstan-

---

**15.** Initially, the only evidence of an actual filing of this statement came from Mr. Baerwitz' affidavit. However, Feiner & Co. submitted to the district court a copy stamped received by the Commission with its motion for reconsideration.

**16.** Although Mr. Glick's declaration, rather than Mr. Baerwitz's declaration, should have been the basis for authenticating the Registration Statement, reversing the district court and remanding on this technicality would be pointless.

*Cf. M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir.1983) (affirming the admission of documents despite a technical error in authentication). Similarly, given that the district court was provided with a certified copy of the Registration Statement, it would be pointless to remand this case to that court so that Hal Roach Studios could attach a certified copy of the Registration Statement to the declaration.

tial guarantees of trustworthiness [is not excluded by the hearsay rule], if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficient in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

Pursuant to Rule 803(24), the district court must make specific findings regarding the requisite elements of the exception. *Fong v. American Airlines*, 626 F.2d 759, 763 (9th Cir.1980). The district court's determination of the admissibility of evidence under Rule 803(24) will not be overturned on appeal except for an abuse of discretion. *United States v. Brown*, 770 F.2d 768, 771 (9th Cir.1985), *cert. denied*, 474 U.S. 1036, 106 S.Ct. 603, 88 L.Ed.2d 581 (1985); *United States v. Friedman*, 593 F.2d 109, 118 (9th Cir.1979); Weinstein's Evidence, ¶ 803(24)[01] at 803–374.

In this case, the district court made the following findings: (1) the Registration Statement was offered as evidence of material facts; (2) the Registration Statement was more probative than any other evidence Hal Roach Studios could procure through reasonable efforts; (3) the general purposes of the rules of evidence and the interest of justice would best be served by admission of the statement; and (4) the Registration Statement had a high degree of reliability because of the high standard of due diligence applied by securities lawyers in preparing those types of statements.

Feiner & Co. contends that the district court abused its discretion because (1) the Registration Statement lacked sufficient circumstantial guarantees of trustworthiness; (2) Hal Roach Studios failed to demonstrate that the Registration Statement was more probative than any other evidence that could have been procured through reasonable efforts; (3) the admission of the statement did not further the purposes of the evidence rules or the interests of justice; and (4) Hal Roach Studios failed to give sufficient notice of its intent to use the Registration Statement.

Considering the deference we must give to the trial court's ruling on this matter, we do not find these contentions persuasive. Although it is true that securities lawyers have been found on occasion to publish false information in Registration Statements, there is no reason to believe that the Registration Statement at issue in this case contains false statements as to the corporate history of Hal Roach. The standard of due diligence applied by securities lawyers with regard to Registration Statements is sufficient to guarantee the requisite circumstantial trustworthiness of the facts contained in the Registration Statement to allow the district court to admit the evidence pursuant to Rule 803(24).

We turn next to Feiner & Co.'s contention that Hal Roach Studios failed to demonstrate that it could not have obtained other more probative evidence through reasonable efforts. The determination of what efforts would have been reasonable depends upon the importance of the evidence, the means at the command of the proponent, and the amount in controversy. "[T]he good sense of the trial judge must be relied upon." Weinstein's Evidence, ¶ 803(24)[01] at 803–379. We cannot say that the district court's finding that more probative evidence could not have been obtained through reasonable efforts was clearly erroneous.

Notwithstanding appellant's argument to the contrary, the admission of the Registration Statement also furthers the purposes of the rules and the interest of justice. Feiner & Co. contends that the Registration Statement was "irrebuttable evidence" of the corporate history of Hal Roach Studios, and hence of the ownership of the

copyrights to the Laurel and Hardy silent subjects. It cites *Land v. American Mut. Ins. Co.,* 582 F.Supp. 1484, 1488–1489 (E.D. Mich.1984), for the proposition that irrebuttable evidence is inadmissible under Rule 803(24). In *Land,* the court concluded that an unsworn statement made by an injured person subsequent to the accident that caused her injury was inadmissible under Rule 803(24). The district court reached this decision because the defendant would have been unable to cross-examine the witness, who had subsequently died, or to disprove her statement because there were no other witnesses. *Id.* Here, in contrast, nothing precluded Feiner & Co. from conducting discovery regarding the corporate history of Hal Roach Studios or presenting evidence to the district court that the facts contained in the Registration Statement were false. Regardless of whether Feiner & Co.'s legal contention is correct, the fact is that the Registration Statement was not "irrebuttable evidence" of the corporate history of Hal Roach Studios.

Finally, Hal Roach Studios provided sufficient notice to Feiner & Co. of its intent to use the Registration Statement as evidence. The purpose of the notice requirement is to give the adverse party an opportunity to attack the trustworthiness of the evidence. *Piva v. Xerox Corp.,* 654 F.2d 591, 595 (9th Cir.1981). Hal Roach Studios introduced the Registration Statement in response to Feiner & Co.'s contention, made in its motion in opposition to Hal Roach Studio's summary judgment motion, that Hal Roach Studios was not the successor in interest to Hal Roach, Inc. Feiner & Co. had ample opportunity to move to strike the exhibit or rebut it with additional evidence. *See Piva,* 654 F.2d at 596. Indeed, Feiner & Co. did specifically object to the Baerwitz affidavit. The Registration Statement was made "known to [Feiner & Co.] sufficiently in advance of the [summary judgment] hearing to provide [Feiner & Co.] with a fair opportunity to prepare to meet it...." Fed.R.Evid. 803(24); *see also Friedman,* 593 F.2d at 119.

## B. *The Second Affirmative Defense*

 Feiner & Co. contends that the district court erred in striking as an affirmative defense to Hal Roach Studios' declaratory judgment action its contention that Hal Roach Studios does not own valid copyrights to the silent subjects. It argues that if the copyrights are invalid, there would be no "actual controversy" between these parties as required for a declaratory judgment. *See* 28 U.S.C. § 2201(a) (Supp.1989). We agree.

It is clear that an assertion that Hal Roach Studios' copyrights to the silent subjects were invalid would be a proper defense to a claim that Feiner & Co. was infringing the copyrights or owed royalties under the license agreement. *See, e.g., Mayer v. Josiah Wedgwood & Sons, Ltd.,* 601 F.Supp. 1523, 1536 (S.D.N.Y.1985); *C. Van Der Lely N.V. v. F.lli Maschio S.n.c.,* 561 F.Supp. 16, 21–25 (S.D.Ohio 1982), *aff'd,* 748 F.2d 1568 (Fed.Cir.1984); *cf. Topolos v. Caldewey,* 698 F.2d 991, 994 (9th Cir.1983) ("In an action for infringement plaintiff necessarily must establish ownership of a valid copyright"). The reason for this rule is simple. If the copyrights are invalid, then Hal Roach Studios has "los[t its] property interest in the [silent subjects]. The material becomes public property." *Mayer,* 601 F.Supp. at 1536. Under such circumstances, any claim for royalties or infringement would necessarily fail.

We see no reason why that same rule should not apply here, although for a slightly different reason. In the cases described above, the plaintiff had no copyright interest to be infringed; thus, there was no basis for a claim for damages. Here, the validity of the copyrights does not affect the basis of the claim that the license agreement expires on a particular date. Nevertheless, the validity of the copyrights is material to the outcome of the declaratory relief action before us. The reason is as follows: if the copyrights are invalid, the expiration date of the license agreement is of no practical consequence; if Hal Roach Studios has no property interest to protect, no substantive

rights of the parties would be affected by a declaration as to when the license agreement ends. In other words, there would be no actual case or controversy between Feiner & Co. and Hal Roach Studios; in such circumstances there is no basis for a judicial declaration as to the expiration date of the license agreement. Accordingly, we conclude that the district court erred in striking Feiner & Co.'s affirmative defense that Hal Roach Studios' copyrights to the silent subjects are invalid, and we must reverse its grant of summary judgment in favor of Hal Roach Studios.[17]

We note, however, that our answer to this question might have been different if Hal Roach Studios had contended that the license agreement granted rights and imposed obligations on the parties that would exist regardless of the validity of the copyrights. For example, because Hal Roach Studios furnished Feiner & Co. with access to certain negatives and other materials, the agreement might possibly be viewed as including non-competition or exclusive use provisions. In that case, the contract could still have had legal consequences, regardless of the validity or invalidity of the copyrights. However, as Hal Roach Studios has made no such claim, we need not consider the argument.[18]

## V. Count Four of Feiner & Co.'s Counterclaim

 Count four of Feiner & Co.'s counterclaim alleged that a 1972 assignment by Hal Roach Studios effectively transferred all of its television rights in the silent subjects to Feiner & Co. in perpetuity. The district court dismissed this count for failure to state a claim because appellant failed to allege a justiciable controversy beyond the terms of the September 27, 1966 agreement. We review the dismissal de novo. *United Energy Owners v. United States Energy Management Systems, Inc.*, 837 F.2d 356, 360 (9th Cir.1988).

The district court's decision with respect to this count was correct. The 1972 "assignment" merely confirmed the September 27, 1986 license agreement for purposes of recording the agreement with the copyright office. Rather than granting any new rights, the agreement simply recited the breadth of the rights granted under the September 27, 1966 agreement. Moreover, the 1972 "assignment" did not itself provide for any term; rather, it was made "pursuant and subject to" the September 27, 1966 agreement. Thus, the September 27, 1966 agreement determined the term of the 1972 "assignment". Accordingly, the district court properly dismissed count four

**17.** Because we conclude that the district court erred in striking Feiner & Co.'s affirmative defense that the silent subject copyrights are invalid and that the district court's grant of summary judgment must be reversed for that reason, we need not decide its further contention that the district court erred in concluding that there was no genuine issue of material fact as to the expiration date of the license agreement and that it expired on September 27, 1986 in accordance with its terms. Nevertheless, we think it worth noting that the express language of the agreement does not appear to show that "there is no genuine issue as to any material fact". Indeed, the language of the license agreement clearly indicates two reasons why the contract may not have begun on September 27, 1966. First, the agreement expressly noted that Hal Roach, Inc., Hal Roach Studios' predecessor in interest, had not yet acquired the rights to the films from the trustees of Hal Roach Studios (a different entity than the appellee here) and that the term of the agreement was not to begin until those rights were acquired. No evidence was presented as to the acquisition date. Second, the agreement

specifically provided that the agreement was not to commence until Hal Roach, Inc. received the first $1,000 installment of the licensing fee. Again, the agreement does not indicate, and Hal Roach Studios presented no evidence, as to when that payment was received. Moreover, the agreement was not even signed by Richard Feiner on behalf of Feiner & Co.'s predecessor in interest until October 3, 1966, providing a further indication that September 27, 1966 may not have been the start of the contract term, and thus that September 27, 1986 was not the end date.

**18.** Our reinstatement of "lack of copyright ownership" as an affirmative defense should not be taken as suggesting that Feiner & Co. bears the burden of proof on that issue for purposes of standing. For all standing questions, the burden of proof is on the plaintiff. *Baker v. United States*, 722 F.2d 517, 518 (9th Cir.1983). Thus, should the question of copyright ownership prove determinative of standing, Hal Roach Studios would be required to prove such ownership.

of the counterclaim for failure to state a claim.[19]

## VI. Counts One and Two of Feiner & Co.'s Counterclaim

■■■■ In Counts One and Two of its amended counterclaim, Feiner & Co. sought a declaration that Hal Roach Studios lacked valid and subsisting copyrights to the films that were the subject of the licensing agreement, as well as to over 120 other films in the Hal Roach library.[20] The district court dismissed these counts for failure to state a claim upon which relief could be granted because Count One and Two were "previously considered and dismissed by this court with prejudice on May 24, 1985." On that date, the district court had dismissed the copyright claims because Feiner and Co. lacked sufficient interest in the films; the court concluded that, at best, the claims raised only abstract questions of no immediacy. Feiner & Co. contends that the dismissal was in error.

Feiner & Co. originally sought in Count One of its counterclaim a declaration that Hal Roach Studios did not own valid copyrights to approximately 150 films in the Hal Roach library, only 27 of which were covered by the licensing agreement; in Count Two it sought a declaration that Hal Roach Studios owned no copyrights which would preclude Feiner & Co. from exploiting the Laughtoon Series and that Feiner & Co. had the exclusive right to exploit the Laughtoon Series during the term of the copyrights it obtained in the Series. On appeal, however, Feiner & Co. has not raised the question of its exclusive right to use the Laughtoon Series. Moreover, as to both Count One and Count Two, it has challenged the district court's dismissal only insofar as it relates to the silent subjects. We hold that Count One and Count Two of Feiner & Co.'s counterclaim, as limited on appeal, state valid claims for relief.[21]

The purpose of the Declaratory Judgment Act is "to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure—or never." *Societe de Conditionnement v. Hunter Engineering Co.,* 655 F.2d 938, 943 (9th Cir.1981). Nevertheless, the party seeking relief must still satisfy the "case or controversy" requirement of 28 U.S.C. § 2201(a). To establish that a particular declaratory action presents an actual case or controversy, a party is required to show that, under all the circumstances of the case, there is a substantial controversy between parties having adverse legal interests, and the controversy is of sufficient immediacy and reality to warrant declaratory relief. *Id.* at 942.

In *Societe de Conditionnement,* we held that "[a]n action for a declaratory judgment that a patent is invalid, or that the plaintiff is not infringing, ... [presents] a case or controversy if the plaintiff has a real and reasonable apprehension that he will be subject to liability if he continues to

---

**19.** Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Fort Vancouver Plywood Co. v. United States,* 747 F.2d 547, 552 (9th Cir.1984). However, material which is properly submitted as part of the complaint may be considered. *Amfac Mtg. Corp. v. Arizona Mall of Tempe,* 583 F.2d 426 (9th Cir.1978). Here, a copy of the 1972 assignment was attached to appellant's counterclaim as an exhibit and therefore was properly considered by the court.

**20.** As we have explained *supra,* appellant also raised the same copyright issue by way of affirmative defense.

**21.** While we conclude that on appeal Feiner & Co. seeks declaratory relief on both Count One and Count Two solely as to the silent subjects, were it seeking broader relief on Count Two, we would agree with the district court that such relief would be improper. Like the district court, we believe that as to the films not covered by the license agreement, Feiner & Co. was simply asking for a naked declaration of copyright ownership. Nothing Feiner & Co. has alleged would allow it to rummage through all of Hal Roach Studios' copyrights to determine whether any of them might affect Feiner & Co.'s Laughtoon Series.

However, as our holding indicates, the district court should not have dismissed Counts One and Two as to the silent subjects. At the least, it should have given Feiner & Co. leave to amend.

manufacture his product." *Id.* at 944.[22] The apprehension must have been caused by the defendant's actions. *International Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1211 (7th Cir.1980). If the plaintiff is engaged in the on-going production of the allegedly patented item, the showing of apprehension "need not be substantial." *Societe de Conditionnement*, 655 F.2d at 944. These same principles are applicable to declaratory relief actions which involve the validity or infringement of a copyright. 10A Wright, Miller & Kane, Federal Practice and Procedure § 2761 at p. 691. Moreover, we must apply the principles of *Societe de Conditionnement* with a flexibility "that is oriented to the reasonable perceptions of the plaintiff." *Chesebrough–Ponds, Inc. v. Faberge, Inc.*, 666 F.2d 393, 396 (9th Cir.), *cert. denied*, 459 U.S. 967, 103 S.Ct. 294, 74 L.Ed.2d 277 (1982).

Applying the *Societe de Conditionnement* principles to the facts of our case, we hold that Counts One and Two of Feiner & Co.'s counterclaim present a justiciable controversy suitable for determination in a suit for declaratory relief. Feiner & Co. is currently engaged in, and has alleged that it will continue to engage in, the use and exploitation of the silent subjects and the Laughtoon Series which it derived from them. In a letter dated March 28, 1984, Hal Roach Studios informed Feiner & Co. that Feiner & Co.'s license to the silent subjects would expire in 1986, and that after the expiration, Feiner & Co. "would have no rights of any kind or character

whatsoever in and to the [silent subjects.]"[23] Hal Roach Studios also indicated in what may reasonably be viewed as a threat that it trusted that rumors that Feiner & Co. intended to continue to sell and to distribute the films after the license agreement expired were not true. *See Societe de Conditionnement*, 655 F.2d at 944–45 (threat of suit by defendant for patent infringement established prima facie case or controversy); *International Harvester Co.*, 623 F.2d at 1211 (plaintiff need not show that an actual charge of infringement has been made by defendant). It is also relevant, under the circumstances of this case, that Hal Roach Studios has not indicated to Feiner & Co. that it will *not* institute an infringement action. *Societe de Conditionnement*, 655 F.2d at 945. Because Feiner & Co. had a "real and reasonable apprehension" that it would be the subject of an infringement action if it continued with its use of the silent subjects in its Laughtoon Series, Counts One and Two of its counterclaim present a "case or controversy" suitable for declaratory relief.[24]

## CONCLUSION

In sum, we affirm the district court's dismissal of Counts Two, Four, and Five of Feiner & Co.'s counterclaim. We reverse its entry of judgment against Richard Feiner, individually, its grant of summary judgment and judgment on the pleadings in favor of Hal Roach Studios, and its dismissal of Count One of Feiner & Co.'s counter-

---

**22.** The jurisdictional prerequisites must be satisfied as of the time that the suit is filed and must continue throughout the term of the suit. *International Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir.1980).

**23.** The fact that, at the time of the March 28, 1984 letter, Feiner & Co. had a valid license to use the silent subjects is irrelevant. A licensee need not terminate its license agreement in order to maintain a federal declaratory action for copyright invalidity. *See C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874, 882 (Fed.Cir.1983) (principle applied to patent invalidity).

We note that the Federal Circuit in *C.R. Bard* also held that a plaintiff seeking a declaratory judgment with regard to a patent's invalidity without first terminating the license agreement would be able to establish federal question jurisdiction under 28 U.S.C. § 1338(a). It followed

the approach of the Second Circuit in *Warner–Jenkinson C. v. Allied Chemical Corp.*, 567 F.2d 184, 187–88 (2d Cir.1977), and rejected the the approach taken by the Third Circuit in *Thiokol Chemical Corp. v. Burlington Industries, Inc.*, 448 F.2d 1328 (3rd Cir.1971), *cert. denied*, 404 U.S. 1019, 92 S.Ct. 684, 30 L.Ed.2d 668 (1972). Although we believe that the Federal Circuit's rule rests on sounder ground, *see C.R. Bard*, 716 F.2d at 880, we need not decide that issue here, because jurisdiction can be grounded here on diversity. *See* 28 U.S.C. § 1332(a)(1).

**24.** As we interpret Feiner & Co's appeal, see note 20, *supra*, its request for relief under Count One is identical to that under Count Two. Accordingly, Count Two of the counterclaim should be dismissed as redundant.

claim. The case is remanded to the district court for further proceedings not inconsistent with this opinion.[25]

---

25. While this case was under submission, the appellant filed a motion to substitute or, in the alternative, to add an additional plaintiff-appel- lee. We direct the district court to consider this motion on remand.