57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Esperanza OLIVAS, Plaintiff-Counter-Defendant-Appellant,
v.
ITT HARTFORD LIFE AND ANNUITY INSURANCE COMPANY,
Defendant-Counter-Plaintiff-Appellee.
 Nos. 94-55335, 94-55342.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 9, 1995.
 
 Before: PREGERSON, POOLE, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Esperanza Olivas ("Mrs. Olivas") appeals the district court's summary judgment in favor of ITT Hartford Life and Annuity Insurance Company ("ITT") in ITT's action seeking reformation of the disability insurance policy issued by ITT to Mrs. Olivas' deceased husband, Ruben Olivas ("Mr. Olivas"), and in Mrs. Olivas' action against ITT claiming breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 3
 The parties are familiar with the facts of the case; we will not recite them here. We review a grant of summary judgment de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We must determine, viewing the evidence in the light most favorable to Olivas, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. The parties agree that this case is governed by California law.
 
 
 4
 Mrs. Olivas claims that the district court erred in granting summary judgment to ITT on its claim for reformation of the disability insurance policy because the clerical error on Mr. Olivas' schedule of benefits was a unilateral mistake that must be construed against the drafter. We disagree. "The purpose of reformation is to correct a written instrument in order to effectuate a common intention of both parties which was incorrectly reduced to writing." Utica Mut. Ins. Co. v. Monarch Ins. Co., 58 Cal.Rptr. 639, 642 (Ct.App.1967) (quoting Lemoge Elec. v. County of San Mateo, 297 P.2d 638, 640 (Cal.1956)). The party seeking reformation must prove the true intent of the parties by clear and convincing evidence. Western Federal Sav. & Loan Ass'n v. Heflin Corp., 797 F.Supp. 790, 792 (N.D.Cal.1992) (applying California law); Schaefer v. California-Western States Life Ins. Co., 69 Cal.Rptr. 183, 186 (Ct.App.1968).
 
 
 5
 The district court properly found that there was unrebutted clear and convincing evidence that both Mr. Richard McCullar of ITT and Mr. Olivas intended to enter into a contract for a disability insurance policy which provided for $12,000.00 decreasing term life insurance, as shown by Mr. Olivas' signature on the application form and his payment of premiums consistent with this level of insurance coverage. Order at 6. Mrs. Olivas presented no evidence establishing that Mr. Olivas either stated his intent, or did intend, to have the death benefit under the disability policy cover the mortgage. Order at 7, 8.
 
 
 6
 In addition, Mrs. Olivas did not present any evidence that Mr. Olivas reasonably could have expected to receive a $134,894.00 death benefit for only $20.73 in premiums per quarter: at that premium, he would have paid less for the claimed $134,894.00 death benefit plus disability insurance than he paid on his $30,000.00 life insurance policy. The district court properly considered this disparity in Mr. Olivas' premium payments as evidence of Mr. Olivas' intent at the time he entered the contract. Order at 6.
 
 
 7
 ITT's failure to discover the clerical error prior to Mrs. Olivas' claim does not bar reformation.[1] See Van Meter v. Bent Constr. Co. 297 P.2d 644, 647 (Cal.1956) (stating that "even in the absence of any misrepresentation, the negligent failure to know or discover facts as to which both parties are under a mistake does not preclude ... reformation because of that mistake); Jefferson v. Pietroroia, 54 P.2d 7, 8 (Cal.1936) (excusing plaintiff's failure to discover his own clerical error because, as here, the "plaintiff had no occasion to investigate and discover ... the mistake" until defendants cited the clerical error as part of their claim); Truck Ins. Exchange v. Wilshire Ins. Co., 87 Cal.Rptr. 604, 608 (Ct.App.1970); Schaefer, 69 Cal.Rptr. at 186; Mutual Life Ins. Co. of New York v. Simon, 151 F.Supp. 408, 412 (S.D.N.Y.1957) (citing Van Meter and Pietroroia supra ); see also Architects & Contractors Estimating Serv. v. Smith, 211 Cal.Rptr. 45, 48 (Ct.App.1985) (holding that ordinary negligence does not amount to "neglect of a legal duty" that would bar reformation under statute). Reformation is therefore warranted. Cal.Civ.Code Sec. 3399; Lemoge Elec., 297 P.2d at 640; Truck Ins. Exchange, 87 Cal.Rptr. at 608; Schaefer, 69 Cal.Rptr. at 186.
 
 II.
 
 8
 Mrs. Olivas argues that the district court erred in excluding her declaration that she and her husband "would never have purchased a $12,000 policy" and that this declaration, if properly admitted, creates a triable issue of fact regarding Mr. Olivas' intent at the time he purchased the insurance policy. We review the district court's evidentiary rulings for an abuse of discretion, United States v. Bland, 961 F.2d 123, 126 (9th Cir.), cert. denied, 113 S.Ct. 170 (1992), including the issue of whether evidence is supported by a proper foundation, Bemis v. Edwards, 45 F.3d 1369, 1372 (9th Cir.1995).
 
 
 9
 The district court ruled that Mrs. Olivas' declaration "as to Mr. Olivas' statements to McCullar is admissible as a hearsay exception under Fed.R.Evid. 803(3), since it is a declaration of Mr. Olivas' then existing state of mind...." Order at 2 n. 1. However, Mrs. Olivas' own statement alleging that she knew what Mr. Olivas was thinking was properly excluded as speculation, Order at 9, because Mrs. Olivas failed to establish a proper foundation of personal knowledge for her statement. See Fed.R.Civ.P. 56(e); Fed.R.Evid. 602; United States v. Kupau, 781 F.2d 740, 745 (9th Cir.), cert. denied, 479 U.S. 823 (1986). No hearsay exception permits a witness to present his or her unsubstantiated opinion about a third person's thoughts or state of mind. Therefore, the district court did not err in excluding that portion of Mrs. Olivas' declaration containing speculation about her husband's state of mind. Moreover, mere conclusory allegations cannot create a genuine issue of material fact. Fed.R.Civ.P. 56(e); People ex rel. Dep't of Transp. v. United States ex rel. Dep't of Transp., 561 F.2d 731, 733 n. 4 (9th Cir.1977).
 
 
 10
 Because Mrs. Olivas did not present any evidence creating a genuine issue of fact as to Mr. Olivas' intent to purchase a disability policy with a $12,000.00 decreasing term life insurance provision, we affirm the district court's grant of summary judgment to ITT on ITT's claim for reformation of the disability insurance contract.
 
 III.
 
 11
 Because ITT performed its contractual obligations under the reformed disability insurance contract, we affirm the district court's grant of summary judgment in favor of ITT on all of Mrs. Olivas' state law claims arising from ITT's alleged breach of that contract and bad faith denial of benefits under that contract. Gruenberg v. Aetna Ins. Co., 510 P.2d 1032, 1037 (Cal.1973); Cicone v. URS Corp., 227 Cal.Rptr. 887, 890 (Ct.App.1986).
 
 
 12
 The judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Mrs. Olivas erroneously cites Appalachian Ins. Co. v. McDonnell Douglas Corp., 262 Cal.Rptr. 716, 726 (Ct.App.1989), for the proposition that a party's negligent failure to discover its own drafting error bars reformation. This case says only that reformation may be denied if the mistake--the drafting error itself--was the result of inexcusable negligence. Id. at 726-27. Among the excuses that allow the party seeking reformation to obtain relief, even if it was the party who drafted the instrument, is "an error of a scrivener." Id. at 727. Lastly, the discussion of negligence in Appalachian Ins. Co. arises in the context of a unilateral mistake, not a mutual one. See 66 Am.Jur.2d, Reformation of Instruments, Sec. 79 (1973) (stating that "mere negligence in executing or accepting a written instrument is not a bar to reformation where the ground for relief is mutual mistake"); Restatement (Second) of Contracts Sec. 157 cmt. b & illus. 3 (1981) ("[A] party's negligence in failing to read the writing does not preclude reformation if the writing does not correctly express [the parties'] agreement....")