70 F.3d 1277
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmy Donald BEGAYE, Plaintiff-Appellant,
v.
Charles L. RYAN; M.O. Savage, Deputy Warden; Green, Lt.;
George Herman, Deputy Warden, Defendants-Appellees.
 No. 95-15764.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 20, 1995.*
Decided Nov. 24, 1995.
 
 Before: PREGERSON, NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmy Donald Begaye, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in his 42 U.S.C. Sec. 1983 action alleging denial of his right of access to the courts in violation of the First Amendment. We have jurisdiction under 28 U.S.C. Sec. 1291. We review the district court's summary judgment de novo, see McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and we affirm.
 
 
 3
 Begaye contends he was denied meaningful access to the courts because prison officials lost a box of his legal materials while he was in administrative segregation. This contention lacks merit.
 
 
 4
 When a party files an amended complaint, "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir.1989) (citations omitted); accord Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992).
 
 
 5
 In his original complaint, filed on December 9, 1991, Begaye named as defendants Charles Ryan, M.O. Savage, Lt. Green and George Herman. In his amended complaint, filed on May 10, 1994, Begaye named Charles Ryan as the only defendant. Because Begaye failed to name all of the original defendants in his amended complaint, the district court properly found that Ryan was the only defendant in this action. See Hal Roach Studios, 896 F.2d at 1546.
 
 
 6
 Here, Begaye failed to establish that defendant Ryan participated in the alleged violation, or that he had any involvement in the incident other than in a supervisory capacity. Accordingly, the district court properly granted summary judgment for Ryan. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant.").
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3