MEMORANDUM * Michael Jeffries appeals the district court’s grant of summary judgment to Las Vegas Metropolitan Police Department (“Department”) on his claims under 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts and procedural history of this case, we need not recount them here. We review a district court’s decision to grant summary judgment de novo. Weiner v. San Diego Cty., 210 F.3d 1025, 1028 (9th Cir. 2000). We affirm. I The district court did not err in considering the exhibits attached to the Department’s motion for summary judgment. On a motion for summary judgment, a district court may consider inadmissible evidence as long as the evidence could be presented in an admissible form at trial. Fraser v. Goodale, 342 F.3d 1032, 1036-37 (9th Cir. 2003). Similarly, a district court’s consideration of unauthenticated evidence on a motion for summary judgment constitutes harmless error if a competent witness with personal knowledge could have authenticated the evidence. Hal Roach Studios, Inc. v. Feiner & Co., 896 F.2d 1542, 1551 (9th Cir. 1990). The seven exhibits attached to the Department’s motion could be authenticated and provided in an admissible form at trial and the district court did not err by considering the evidence. Deputy Owens authenticated Exhibits A and C by personal knowledge through his deposition testimony. Exhibit F consisted of Jeffries’s interrogatory responses, and was authenticated through Jeffries’s verification that the responses were accurate. Although the Department did not authenticate Exhibits D, E, and G, the district court’s consideration of those exhibits constitutes harmless error because a competent witness with personal knowledge could authenticate the exhibits at trial. II The district court properly granted summary judgment to the Department on Jef-fries’s § 1983 claims because he did not establish that his Constitutional rights were violated. To state a prima facie case under § 1983, Jeffries must show (1) the Department acted under color of state law; and (2) deprived Jeffries of a right secured by the United States Constitution. Karim-Panahi v. L. A. Police Dep’t, 839 F.2d 621, 624 (9th Cir. 1988). A The Department did not violate Jeffries’s Fourth Amendment right when officers entered his house in response to a 911 call alleging domestic violence after the occupants refused to answer the door. The entry was justified under the exigent circumstance exception to the Fourth Amendment. See United States v. Martinez, 406 F.3d 1160, 1164 (9th Cir. 2005) (“When the domestic violence victim is still in the home, circumstances may justify an entry pursuant to the exigency doctrine.”). Nor did any other unreasonable search or seizure occur. The Department’s decision to extend Jeffries’s probation and to not confirm his appointment did not violate or deprive Jeffries of his Fourth Amendment right. Jeffries was terminated not for his exercise of any such right, but for his violation of the Department’s civil service standards. B The Department did not violate or deprive Jeffries of his Fifth Amendment right against self-incrimination because that right was not implicated. Jeffries was not compelled to answer incriminating questions or provide incriminating testimony, and no such testimony was used against him in a criminal case. See Chavez v. Martinez, 538 U.S. 760, 767, 123 S.Ct. 1994, 155 L.Ed.2d 984 (2003) (“Statements compelled by police interrogations of course may not be used against a defendant at trial ... but it is not until their use in a criminal case that a violation of the Self-Incrimination Clause occurs.”). Jef-fries did not answer any questions at the residence and no statements were used against him in court. The district court properly granted summary judgment on the claim. Ill The district court properly granted summary judgment to the Department on Jeffries’s Fourteenth Amendment Due Process claim. The essential due process safeguards of notice and a hearing apply only to deprivations of liberty or property interests protected by the Fourteenth Amendment. See Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 569-70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (“The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment’s protection of liberty and property.”) We need not decide whether Jeffries possessed some protected property interest in his employment as a probationary, at will employee. Even assuming, arguen-do, that Jeffries possessed some protected property interest, the Department afforded him sufficient procedural due process by following its procedure applicable to probationary employees. Prior to the non-confirmation decision, the Department provided Jeffries with notice and an informal hearing. Jeffries attended the hearing and presented evidence of mitigating factors in his defense. He received all the process that he was due. The district court properly granted summary judgment on the claim. AFFIRMED. This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.