In re Alexander V. STEIN, Debtor.

John H. MITCHELL, Trustee, Plaintiff,

v.

BURT & GORDON, P.C., an Oregon Professional Corporation, Robert G. Burt; Mark A. Gordon; Burt, Vetterlein & Bushnell, P.C., an Oregon Professional Corporation; Andrea L. Bushnell; Burt & Vetterlein, P.C., an Oregon Professional Corporation, Defendants.

BURT, VETTERLEIN & BUSHNELL, P.C., an Oregon Professional Corporation, Third–Party Plaintiff,

v.

George V. STEIN; Mark A. Gordon; Premium Technology, Inc., a North Carolina corporation; Premium Entertainment Network, Inc., a California corporation; and Premium T.V. International, Inc., a California corporation; and Alexander Stein, Third–Party Defendants.

No. 392–33885–S7.
Adversary No. 92–3112–S.
Civil No. 93–438–FR.

United States District Court,
D. Oregon.

Dec. 24, 1996.

John S. Ransom, Michele L. Kohler, Ransom, Blackman & Maxfield, Portland, OR, for Plaintiff John H. Mitchell, Trustee.

John Folawn, Stephen P. McCarthy, Lane Powell Spears Lubersky, Portland, OR, for Defendant Mark A. Gordon.

Michael O. Moran, Black Helterline, Portland, OR, for Defendants Burt & Vetterlein, P.C. and Robert G. Burt.

Janet M. Schroer, Kenneth D. Renner, Hoffman, Hart & Wagner, Portland, OR, for Defendant Andrea L. Bushnell.

## OPINION

FRYE, District Judge:

The matter before the court is defendant Andrea Bushnell's motion for judgment on the pleadings (# 248).

## BACKGROUND

This is an adversary proceeding in which the trustee in bankruptcy, John H. Mitchell, is seeking to recover property from the bankruptcy estate of the debtor, Alexander V. Stein, damages, attorney fees, and costs. The trustee has alleged six claims for relief as set forth in the amended pretrial order: (1) avoidance of fraudulent transfer under O.R.S. 95.200 *et seq.;* (2) breach of fiduciary duty; (3) tortious breach of good faith and fair dealing; (4) to set aside the Sheriff's sale; (5) turnover of property of the estate under 11 U.S.C. § 542(a); and (6) recovery of avoided transfer under 11 U.S.C. § 550(a)(1).

## UNDISPUTED FACTS AND FACTS AS SET FORTH BY THE TRUSTEE IN THE AMENDED PRETRIAL ORDER

Alexander Stein was a client of the defendant, Burt & Vetterlein, P.C. (B & V).

On August 10, 1988, Stein obtained 71,500 shares of stock in the company, In Focus Systems, Inc. (IFS).

On September 16, 1988, Stein delivered to B & V a stock certificate for all 71,500 shares of his IFS stock.

On December 20, 1988, the defendants, B & V, Robert G. Burt, and Mark A. Gordon notified Steven Hix, President of IFS, that Stein had pledged to B & V Stock Certificate No. 6 representing 71,500 shares of stock in IFS.

On January 12, 1989, Stein signed an alleged consent to pledge the IFS stock to B & V.

On August 30, 1989, Stein delivered to B & V all of his shares of stock in the Premium Companies.

In 1989, the defendant, Andrea L. Bushnell, commenced a research project to determine the best manner in which to separate Stein from the shares of IFS stock. Bushnell determined that this could be accomplished by the execution of a confession of judgment in favor of B & V followed by a writ of garnishment issued by the attorney for the purpose of effecting an execution against the stock certificates. Bushnell told Stein that he had to sign the confession of judgment; that he could not consult with another counsel; and that he could not leave the office until and unless he did so. Amended Pretrial Order, pp. 9–10.

On September 25, 1989, Stein executed a confession of judgment in favor of B & V in the amount of $54,936.23, plus interest at the rate of 12% per year. On October 5, 1989, the confession of judgment was entered in the Circuit Court of the State of Oregon for the County of Multnomah.

On October 31, 1989, B & V purchased Stein's stock in IFS for $5,000 at a Sheriff's sale conducted at the direction of B & V.

On November 16, 1989, B & V purchased the stock held by Stein in the Premium Companies for $1,000 at a Sheriff's sale conducted at the direction of B & V.

In January of 1990, B & V contacted IFS to obtain a replacement stock certificate for the stock it had purchased in IFS.

On June 21, 1990, Stock Certificate No. 9 dated June 15, 1990, representing 71,500 shares of IFS stock, was issued to B & V.

On December 28, 1990, Stein filed a motion to set aside the confession of judgment executed on September 25, 1989.

On December 28, 1990, the IFS stock which was issued to B & V was sold in the initial public offering by IFS for $1,350,000. After expenses, the net proceeds of this sale of stock in the amount of $1,262,690 were interpled in the registry of the Circuit Court of the State of Oregon for the County of Multnomah. The net proceeds are still held there. Defendants Gordon, Bushnell and Vetterlein do not make any claim to the net proceeds of the sale of the IFS stock on December 28, 1990.

On July 15, 1991, Stein filed a Chapter 11 bankruptcy petition.

On June 8, 1994, the Court of Appeals for the State of Oregon vacated the confession of judgment executed by Stein in favor of B & V on September 25, 1989. The Oregon Supreme Court denied review of the decision of the Court of Appeals.

## CONTENTIONS OF BUSHNELL

Defendant Andrea Bushnell moves this court for judgment on the pleadings in her favor on the first claim for avoidance of fraudulent transfer on the independent grounds that (1) she was not a transferee of the stock; and (2) it is undisputed that she makes no claim to the interpled funds which are the proceeds of the allegedly fraudulent transfer. In addition, Bushnell claims that punitive damages and attorney fees are not recoverable on the first claim as a matter of law.

Bushnell further moves for judgment on the pleadings on the second claim for breach of fiduciary duty on the grounds that this claim is not alleged against her individually and that she makes no claim to the interpled funds.

Finally, Bushnell moves the court for judgment on the third, fourth, fifth and sixth claims for relief on the grounds that she makes no claim to the interpled funds.

## CONTENTIONS OF THE TRUSTEE

The trustee contends that Bushnell is liable under the first claim for avoidance of fraudulent transfer because Bushnell was a person who would benefit from the fraudulent transfers. The trustee contends that punitive damages are also appropriate on this claim.

The trustee contends that Bushnell is liable under the second claim for breach of fiduciary duty because the amended pretrial order sets forth that Bushnell engaged in activity in violation of her fiduciary trust with Stein. The trustee points out that punitive damages are not sought against Bushnell on the second claim for breach of fiduciary duty.

The trustee agrees that liability is not alleged against Bushnell on the third, fourth, fifth and sixth claims for relief.

## APPLICABLE STANDARD

■ Judgment on the pleadings is appropriate when, even if all material facts in the pleadings under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir.1990). In this case, the amended pretrial order has been lodged by the parties and constitutes the relevant pleading. Fed.R.Civ.P. 16(e); L.R. 235–2(d).

## ANALYSIS

The trustee concedes that (1) Bushnell is not named as an individual defendant in claims three through six; and (2) punitive damages are not claimed against Bushnell individually in the second claim for breach of fiduciary duty. The only claims asserted in the amended pretrial order against Bushnell individually are the first claim for fraudulent transfer and the second claim for breach of fiduciary duty.

■ The trustee initially contends that the motion of Bushnell for judgment on the pleadings should be denied on the grounds that on April 2, 1993, the bankruptcy court denied a motion for summary judgment filed by Bushnell, and that the doctrine of *res judicata* bars the motion before this court.

Bushnell contends that the issues raised in the previous motion for summary judgment are different from the issues raised here; therefore, the doctrine of *res judicata* does not bar this motion. The court concludes that the issues before the bankruptcy court are not the same issues as those raised here and do not constitute a final judgment on the merits. This court finds that the doctrine of *res judicata* does not preclude this court from deciding Bushnell's motion for judgment on the pleadings.

### 1. The First Claim for Avoidance of Fraudulent Transfer

■ O.R.S. 95.270(2) states:

Except as otherwise provided in this section, to the extent a transfer is voidable in an action by a creditor under ORS 95.260(1)(a), the creditor may recover judgment for the value of the asset transferred, as adjusted under subsection (3) of this section, or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against:

(a) The first transferee of the asset or the person for whose benefit the transfer was made; or

(b) Any subsequent transferee.

The first claim in the amended pretrial order for avoidance of fraudulent transfer states, in part, that the stock transfers in this case:

to defendants B & V, Burt, and Gordon were fraudulent as to the rights of a creditor with an unsecured claim allowable in the instant bankruptcy case who was a creditor at the time of the transfers. Pursuant to ORS 95.230(1)(a), 95.230(1)(b) and 95.240(1), said transfers were made (1) with actual intent to hinder, delay or defraud any creditor; (2) without receiving a reasonably equivalent value in exchange for the transfer; (3) Stein was engaged in a business for which the remaining assets were unreasonably small in relation to the business; and (4) Stein was insolvent at the time of the transfer or became insolvent as a result of the transfer. The transfers resulted in damage to Stein, the transfers are avoidable, and the Trustee is

entitled to the value of the IFS stock, all issues, profits and proceeds from said stocks, as well as the equitable remedy of an implied constructive trust. The Trustee is also entitled to exemplary damages, attorneys' fees and costs.

Pursuant to 11 U.S.C. § 542, defendant B & V should be ordered to denounce any claim or interest to the proceeds of the sale of the IFS Stock which would enable the Trustee to obtain turnover of the interpled funds.

Amended Pretrial Order, pp. 10–11.

Bushnell is not a transferee of the assets at issue in this case. The only general damages claimed by the trustee in the amended pretrial order under this first claim are an avoidance of the alleged fraudulent transfer and the imposition of a constructive trust on the interpled funds. Bushnell has never made a claim to these funds. The amended pretrial order states in the agreed facts that "[d]efendants Gordon, Bushnell and Vetterlein do not make any claim to the interpled funds." Amended Pretrial Order, p. 8. Since Bushnell makes no claim to the interpled funds, Bushnell is not a "person for whose benefit the transfer was made," O.R.S. 95.270(2)(a), and therefore Bushnell cannot be liable to the trustee under this claim. In summary, there are no facts set forth in the first claim of the amended pretrial order which support a claim for general damages, punitive damages, attorney fees, or costs against Bushnell in her personal capacity.

The court finds that Bushnell in her capacity as an individual defendant is entitled to judgment on the pleadings on the first claim for fraudulent transfer.

### 2. The Second Claim for Breach of Fiduciary Duty

■ Bushnell points out that while the trustee alleges in the amended pretrial order that Bushnell engaged in adverse conduct, the trustee does not allege any harm arising from Bushnell's conduct. The trustee argues that he has alleged that Bushnell owed a special duty of fairness, honesty and good faith to Stein; that she engaged in activity in violation of that duty; and that "[n]othing

further need be alleged." Trustee's Opposition to Defendant Andrea Bushnell's Motion for Judgment on the Pleadings, p. 7.

In claim two for breach of fiduciary duty, the trustee alleges that certain actions of Bushnell were breaches of her fiduciary duty to Stein and states that:

> As a result of their actions, defendants B & V and Burt have been unjustly enriched in the amount of $1,262,690.00 plus interest. The Trustee is entitled to a constructive trust interposed on the interpled funds.
>
> The Trustee is also entitled to punitive damages because the actions of defendants B & V, Burt and Gordon were malicious, willful and wanton, or so reckless as to imply a disregard of societal obligations.

Amended Pretrial Order, p. 19. These are the only allegations of damages found in the amended pretrial order for the second claim for relief for breach of fiduciary duty.

There are no allegations of damages against Bushnell which are the result of the actions alleged to have been a breach of Bushnell's fiduciary duty to Stein. The trustee seeks only a constructive trust on the interpled funds; however, the trustee cannot obtain this remedy against Bushnell because Bushnell makes no claim to the interpled funds.

The court finds that Bushnell is entitled to judgment on the pleadings on the second claim for breach of fiduciary duty in her capacity as an individual defendant.

### CONCLUSION

Even if all material facts in the pleadings under attack are true, the amended pretrial order in this case contains no facts to support the individual liability of Andrea Bushnell. Defendant Andrea Bushnell's motion for judgment on the pleadings (# 248) is granted.