110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Nathan SPIEWAK and Linda Spiewak, Debtors.
Nathan SPIEWAK; Linda Spiewak, Appellants,
v.
Gilbert K. KINOSHITA, Appellee.
 No. 95-56535.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1997.
Decided March 26, 1997.
 
 Before: FARRIS, KOZINSKI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 A. Austin Declaration
 
 2
 The declaration lacks a sufficient showing that Austin is qualified as an expert or that he had personal knowledge of the facts he testified to and never specifically refers to the debtors' profit-sharing plan. The bankruptcy court did not abuse its discretion in striking this declaration. See Fed.R.Civ.Proc. 56(e); Fed.R.Bankr.P. 7056; Fed.R.Evid. 602; Fed.R.Evid. 702.
 
 1. Gardner's Declaration
 
 3
 Although the declaration lists Gardner's experience as an attorney who has practiced law in the "employee benefits area for more than twenty years"; who "personally handled the qualification procedures with the [IRS] for more than 2,500 pension and profit sharing plans"; and who was special counsel to the debtor in the case of In re Witwer, 148 B.R. 930 (Bankr.C.D.Cal.1992), aff'd, 163 B.R. 614 (9th Cir.BAP 1994); the declaration fails to establish that Gardner is an expert in substantive employee benefits law. The bankruptcy court did not abuse its discretion in striking this declaration. See Fed.R.Evid. 702.
 
 2. Meyer's Declaration
 
 4
 The declaration is not based on personal knowledge, and many of the statements in the declaration are either legal conclusions or hearsay. The bankruptcy court did not abuse its discretion in striking this declaration. See Fed.R.Civ.P. 56(e); Fed.R.Bankr.P. 7056; Fed.R.Evid. 602.
 
 B. The IRS Determination Letter
 
 5
 The IRS determination letter was never authenticated and was therefore properly rejected by the bankruptcy court. See Fed.R.Civ.P. 56(e); Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir.1989) ("It is well established that unauthenticated documents cannot be considered on a motion for summary judgment.").
 
 C. Submission of Additional Evidence
 
 6
 After the bankruptcy court announced its decision to strike the debtors' expert declarations and documents, debtors and their counsel did not ask the bankruptcy court for either a continuance or for permission to file supplemental papers. The debtors did not move for reconsideration nor for a new trial, nor did they request an opportunity to either supplement their experts' statements as to their qualifications as an expert, or to submit other expert declarations in lieu of those stricken by the bankruptcy court. Instead, debtors elected to stand by their initially-filed expert declarations in their initial form. The bankruptcy court did not err in not providing the debtors with an opportunity to submit additional evidence when the debtors did not even request that it do so.
 
 D. Due Process Rights
 
 7
 Kinoshita accomplished service of the "Secured Creditor's Objections to Debtors' Claim of Exemption" by first class mail. Service by this method was proper. See Fed.Bank.R. 9014 and 7004.
 
 
 8
 Although the debtors claim that the bankruptcy court erred because it did not stay the summary judgment motion until the debtors had sufficient time to prepare a response to the motion, the debtors point to no evidence that they ever requested a stay or continuance. The bankruptcy court did not err by failing to grant a stay or continuance that was never requested.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3