UNITED STATES of America, Plaintiff,

v.

REAL PROPERTY LOCATED AT 9832 RICHEON AVENUE, Downey, California, Defendant.

Pogos Boyadzhyan, Zoyla Ascensio Boyadzhyan, Miriam Ascensio Castillo, and PNC Mortgage Corp. of America, Claimants.

No. CV0008504ABC(SHX).

United States District Court, C.D. California.

Nov. 18, 2002.

John S. Gordon, Janet C. Hudson, Office of U.S. Attorney, Los Angeles, CA, for Plaintiff.

Eric Honig, Marina Del Ray, CA, for Defendant.

## ORDER RE: CLAIMANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

COLLINS, District Judge.

This action arises out of civil forfeiture proceedings involving real property located at 9832 Richeon Avenue in Downey, California. For reasons detailed below, the Court DENIES Claimants' Motion for Judgment on the Pleadings.

## I. BACKGROUND

On August 9, 2000, the United States filed a Complaint alleging that the Defendant property had been used in connection with drug trafficking. The Clerk of the Court issued a warrant of arrest on the same day. The Deputy Marshal served the process on the Defendant on November 14, 2000. On October 28, 2002, Claimants filed a motion for judgment on the pleadings, arguing that the Government's 97–day delay in serving the process stripped the Court of subject matter jurisdiction. The Government filed its Opposition on November 4, 2002. The Court received the Claimants' Reply on November 12, 2002.

## II. STANDARD FOR A MOTION FOR JUDGMENT ON THE PLEADINGS

The standard for a judgment on the pleadings is essentially the same as that applied to a Rule 12(b)(6) motion. *See Dworkin v. Hustler Magazine, Inc.*, 867

F.2d 1188, 1192 (9th Cir.1989). Rules 12(b)(6) and 12(c) must be read in conjunction with Rule 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990). A dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988).[1]

A court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *See Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir.1998). However, a court need not automatically accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *See, e.g., Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981).

In ruling on a 12(b)(6) or 12(c) motion, a court generally cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). *See, e.g., Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991), *overruled on other grounds by Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994). A court may, however, consider exhibits submitted with a complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1989). Further, a court may properly consider "documents whose contents are alleged in a complaint and whose authenticity no party

---

1. "After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c).

questions, but which are not physically attached to the pleading." *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994).

## III. DISCUSSION

The Supplemental Rules for Certain Admiralty and Maritime Claims govern the procedures the Government must follow when prosecuting *in rem* civil forfeiture actions. Claimants argue that the Government's failure to issue the process "forthwith," in accordance with Supplemental Rule E(4),[2] divests this Court of subject matter jurisdiction.[3] Because the Supplemental Rules are not rules of subject matter jurisdiction, the Court denies the motion.

The Supreme Court cannot enlarge or restrict the subject matter jurisdiction of the lower federal courts through court rules or otherwise. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted); *Willy v. Coastal Corp.,* 503 U.S. 131, 135, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (citation omitted). Only Congress has the constitutional authority to modify the jurisdiction of the lower federal

courts. U.S. Const. art. III., § 1; *Palmore v. United States,* 411 U.S. 389, 400–01, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973) ("The decision with respect to inferior federal courts, as well as the task of defining their jurisdiction, was left to the discretion of Congress."); *see Keene Corp. v. United States,* 508 U.S. 200, 207, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993). The Claimants urge the Court to dismiss this action for lack of subject matter jurisdiction because the Government failed to comply with Supplemental Rule E(4). However, the Supplemental Rules[4] cannot be construed to limit the subject matter jurisdiction of this Court because they were promulgated by the Supreme Court, not Congress.

Furthermore, rules governing service of process are not rules of subject matter jurisdiction. *Henderson v. United States,* 517 U.S. 654, 671, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996) (footnotes omitted) (recognizing that service of process is "properly regarded as a matter discrete from a court's jurisdiction to adjudicate a controversy of a particular kind, or against a particular individual or entity"); *see Carlisle v. United States,* 517 U.S. 416, 434,

---

**2.** Supplemental Rule E(4) provides, in pertinent part:

(a) *In General.* Upon issuance and delivery of the process, or, in the case of summons with process of attachment and garnishment, when it appears that the defendant cannot be found within the district, the marshal or other person or organization having a warrant *shall forthwith execute the process* in accordance with this subdivision (4), making due and prompt return. (emphasis added).

**3.** Claimants rely on a case in which the court agreed with the Government's concession that service of process was jurisdictional. *See United States v. Funds Representing Proceeds of Drug Traf.,* 52 F.Supp.2d 1160 (C.D.Cal. 1999). In contrast, the Government does not concede that issue in the instant action. The *Funds* decision is also distinguishable because

the *Funds* Court was particularly concerned with the impact delay in issuing process would have upon the objectives of the statute of limitations, which ensure a reasonable nexus between the forfeited property and the offense giving rise to the forfeiture action in a complaint brought pursuant to 18 U.S.C. § 984. That concern is not implicated here where the forfeited property is not fungible, and there is no indication that there was a delay between the Government's filing of the Complaint and the offense giving rise to the forfeiture action.

**4.** The Federal Rules of Civil Procedure were amended in 1966 to make them applicable in admiralty proceedings. Six "Supplemental Rules for Certain Admiralty and Maritime Claims" were also adopted at that time. Before 1966, admiralty actions were governed by a set of special Admiralty Rules promulgated by the Supreme Court in 1920.

116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) (Ginsburg, J., concurring) ("It is anomalous to classify [procedural] time prescriptions, even rigid ones, under the heading 'subject matter jurisdiction.' That most basic requirement relates to the subject matter of the case or controversy or the status of the parties to it."). Moreover, the Supreme Court has specifically recognized that admiralty rules are not jurisdictional. *Washington–Southern Nav. Co. v. Baltimore & Philadelphia Steamboat Co.*, 263 U.S. 629, 635, 44 S.Ct. 220, 68 L.Ed. 480 (1924) (holding that Admiralty Rule 50's security requirement could not automatically bar libelant from prosecuting suit because "[t]he function of rules is to regulate the practice of the court and to facilitate the transaction of its business. This function embraces, among other things, the regulation of the forms, operation and effect of process; and the prescribing of forms, modes and times for proceedings ... But no rule of court can enlarge or restrict jurisdiction.").

Instead, the Supplemental Rule's "forthwith" requirement must work much like Rule 4's 120–day requirement for service of process. *See* Fed.R.Civ.P. 4: Rule 4 does not strip a court of subject matter jurisdiction if the process was issued beyond the 120–day requirement. *See* Fed. R.Civ.P. 4(m) (allows the Court to grant an extension of time if the plaintiff demonstrates good cause for the failure to execute process within 120 days). Similarly, the "forthwith" requirement in the Supplemental Rules cannot deprive the Court of jurisdiction over this case.

## IV. CONCLUSION

For the foregoing reasons, Claimants' Motion for Judgment on the Pleadings is DENIED.