**CALIFORNIA DUMP TRUCK OWNERS ASSOCIATION, et al., Plaintiffs,**

v.

**Gray DAVIS, et al., Defendants.**

**No. CIV.S–01–517 FCD DAD.**

United States District Court, E.D. California.

Nov. 25, 2002.

first publication of the work." 17 U.S.C. § 412.

fornia non-profit association, Southern California Contractors Association, a California non-profit association, plaintiffs.

Jill Theresa Bowers, Attorney General's Office for the State of California, Sacramento, CA, for Gray Davis, Bill Lockyer, defendants.

## MEMORANDUM AND ORDER

DAMRELL, District Judge.

Plaintiffs California Dump Truck Owners Association and Southern California Contractors Association brought an action against defendants Gray Davis, in his official capacity as Governor of California, and Bill Lockyer, in his official capacity as Attorney General of California. Specifically, plaintiffs sought a declaratory judgment pursuant to 28 U.S.C. § 2201 that certain provisions of the California Code which authorize municipalities to enact regulations related to motor carriers of property are preempted by the Federal Aviation Administration Authorization Act ("FAAA Act"). 49 U.S.C. § 14501(c). This matter is before the court on defendants' motion for reconsideration of this court's order filed on October 30, 2001, granting judgment on the pleadings to plaintiffs on the ground that the subject code sections were preempted by the FAAA Act. Said order accordingly denied defendants' cross-motion for judgment on the pleadings.[1] For the reasons set forth below, defendants' motion for reconsideration is GRANTED, and the court GRANTS IN PART judgment on the pleadings in defendants' favor.

## BACKGROUND

The factual background in this case is set out in detail in the court's prior decision[2] and will be only briefly summarized

Edward J Hegarty, Georgetown, CA, Michael P McGovern, Pro Hac Vice, Ayres and Parkey, Knoxville, TN, for California Dump Truck Owners Association, a Cali-

---

1. Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

2. *Cal. Dump Truck Owners Ass'n v. Davis,* 172 F.Supp.2d 1298 (E.D.Cal.2001).

herein. Plaintiffs filed suit seeking a declaratory judgment that certain California Code sections were contrary to, and thus preempted by, federal law. The challenged code sections primarily concern the State's delegation of authority allowing municipalities to impose size and weight restrictions on the roads within their communities.[3] The laws, plaintiffs contended, were preempted by the FAAA Act. Defendants contended that the code sections were saved from preemption by the "safety regulatory authority" exception contained in the FAAA Act. 49 U.S.C. § 14501(c)(2)(A).[4] This court, following controlling Ninth Circuit precedent in *Tocher v. City of Santa Ana*, 219 F.3d 1040 (9th Cir.2000), *cert. denied sub nom.*, 531 U.S. 1146, 121 S.Ct. 1085, 148 L.Ed.2d 960 (2001), found that the safety regulatory authority exception does not extend beyond the States to municipalities, and therefore the code sections were preempted by the FAAA Act. *Cal. Dump Truck*, 172 F.Supp.2d at 1303. Defendants appealed this decision to the United States Court of Appeals for the Ninth Circuit on November 27, 2001.

On June 20, 2002, while this appeal was pending, the United States Supreme Court held, contrary to the Ninth Circuit's decision in *Tocher*, that the safety regulatory authority exception does extend to local governments. *City of Columbus v. Ours Garage & Wrecker Serv.*, 536 U.S. 424, 122 S.Ct. 2226, 153 L.Ed.2d 430 (2002). Pursuant to stipulation by the parties, the Ninth Circuit dismissed the appeal without prejudice to reinstatement in the event this court denies defendants' motion for reconsideration. Defendants filed the instant motion requesting reconsideration of the October 30, 2001 decision on August 26, 2002.

## STANDARD

■ Where the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.[5] *See Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.1993). Absent "highly unusual circumstances," reconsideration of a final judgment is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law. *Id.* at 1263. Defendants filed the instant motion under Rule 60(b), based on an intervening change in the controlling law. *See* Fed.R.Civ.P. 60(b)(6) (allowing relief from a final judgment for "any other reason justifying relief from the operation of the judgment").

---

3. The particular code sections challenged are California Government Code § 37101(a); California Vehicle Code §§ 21100(b), 21101(c), 35100(c), 35401(d), 35401(e), 35404, 35700, 35701, 35707, 35712, 35715, 35717, 35753(a); and California Streets and Highways Code §§ 942 and 942.5.

4. The "safety regulatory authority" exception provides that the preemption paragraph of 49 U.S.C. § 14501(c)(1):

   (A) shall not restrict the safety regulatory authority of a State with respect to motor

vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization;

   49 U.S.C. § 14501(c)(2).

5. Unless otherwise specified, all further references to a "Rule" are to the Federal Rules of Civil Procedure.

Defendants have also renewed their motion for judgment on the pleadings under Rule 12(c). Judgment on the pleadings should be granted if, accepting as true all material allegations contained in the non-moving party's pleadings, the moving party is entitled to judgment as a matter of law. *See Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir.1989).

## ANALYSIS

The question before the court in this case is whether the FAAA Act's "safety regulatory authority" exception applies to provisions of the California Code which authorize local ordinances related to motor carriers. This court, following the Ninth Circuit's decision in *Tocher*,[6] found that it did not. *Cal. Dump Truck*, 172 F.Supp.2d at 1303. In light of *Ours Garage*, the court is asked to reconsider that decision.

The preemption clause of the FAAA Act states that "a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carri-er ... with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). The parties agree that all of the challenged California Code sections fall within the preemption provision of § 14501(c)(1). The parties further agree that certain of the challenged code sections escape preemption after *Ours Garage*, which held that the State may delegate its safety regulatory authority to a municipality.[7] 122 S.Ct. at 2230.

Plaintiffs, however, argue that after *Ours Garage*, even the *State* lacks the authority to enact size and weight restrictions unless the restriction is "genuinely responsive to safety concerns."[8] Therefore, a state statute delegating to municipalities the authority to enact size and weight restrictions not founded on a concern for safety is likewise preempted by § 14501(c)(1).[9] This is an incorrect interpretation of the Supreme Court's decision.

### A. *Ours Garage* Does Not Shield Only Safety Regulations

Plaintiffs contend that *Ours Garage* imposes an additional limit on the FAAA Act, in that all three clauses of § 14501(c)(2)(A) must be read to require the challenged

---

**6.** *Tocher* held that "[i]n light of the plain language of section 14501(c)(2)(A) coupled with the Congressional purpose in enacting the preemption statute, we conclude that for section 14501(c)(2)(A) preemption purposes, a state may not delegate its regulatory authority to a municipality." 219 F.3d at 1051.

**7.** Plaintiffs concede that California Government Code § 37101(a); California Vehicle Code §§ 21100(b), 35401(e), 35404, 35700, 35717, 35753(a); and California Streets and Highways Code §§ 942 and 942.5 are not preempted.

**8.** The court notes that this position is contrary to the position taken by plaintiffs in their motion for judgment on the pleadings, in which they argued, "plaintiffs cannot, and do not herein, dispute or challenge the authority of the *State of California* to continue to regulate the operation of intrastate motor carriers

of property, including those of their members, by imposing route controls or limitations based on the size and weight of the vehicle ... and in matters of commercial motor vehicle safety.... However, each of the enumerated statutes authorize *local governments* to regulate motor carriers." Pls.' Mot. for J. on the Pleadings, p. 10 (emphasis in original) "It is the State's delegation of its admittedly 'historic, traditional' regulatory authority to local governments that is at issue in the case at bar." Pls.' Opp'n to Defs.' Mot. for J. on the Pleadings, p. 3.

**9.** The remaining statutes that plaintiffs contend are preempted as size and weight restrictions not based on safety concerns are California Vehicle Code §§ 21101(c), 35100(c), 35401(d), 35701, 35707, 35712, and 35715.

state statute be "genuinely responsive to safety concerns" to escape preemption. Admittedly, *Ours Garage* states the obvious requirement that a state statute must be "genuinely responsive to safety" in order to be included within the first clause of § 14501(c)(2)(A), which states that the FAAA Act "shall not restrict the safety regulatory authority of a State with respect to motor vehicles." However, the decision does not mention the second clause of § 14501(c)(2)(A), which excepts from preemption "the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle...." In this section, Congress placed no requirement that the size or weight restrictions be predicated on safety, and this court does not read *Ours Garage* to imply such a requirement.

Moreover, the Supreme Court did not specifically address the issue of whether a state can enact a statute regulating the size or weight of motor vehicles on its highways absent a showing of a concern for safety. The statutes challenged in *Ours Garage* dealt with towing operations, and constituted a licensing scheme for tow trucks, including record keeping, inspections, identification, and insurance requirements.[10] Nothing in the challenged statutes contained a size or weight restriction. Therefore, the fact that § 14501(c)(2)(A)'s second clause is not discussed in *Ours Garage* does not indicate that the second clause is no longer an exception to the preemption clause.

Furthermore, the Court in *Ours Garage* did address the third clause of § 14501(c)(2)(A), which upholds the State's authority to regulate "with regard to minimum amounts of financial responsibility relating to insurance requirements." 122 S.Ct. at 2237. The Columbus statutes challenged there included a regulation con-

cerning the minimum insurance to be required. Regulation of the amounts of insurance required does not have a basis in safety. Thus, the Court provides its own example of a statute not grounded in safety that nonetheless escapes preemption under § 14501(c)(2)(A).

■ In sum, reading *Ours Garage* to require that all three clauses be based on safety concerns would eviscerate the second and third clauses, reducing them to redundancies which add nothing to the first clause. That all three clauses retain independent vitality is evident in *Ours Garage* itself. There the Court remanded the case to decide whether the challenged statutes "qualify as exercises of 'safety regulatory authority' or *otherwise fall within § 14501(c)(2)(A)'s compass.*" *Ours Garage*, 122 S.Ct. at 2237 (emphasis added). This necessarily implies that a regulation that is not an exercise of "safety regulatory authority" can nonetheless escape preemption by meeting the requirements in one of the other two clauses. With one exception, the remaining statutes at issue here meet this requirement as size and weight restrictions.

California Vehicle Code § 21101(c) grants municipalities the authority to adopt ordinances "[p]rohibiting the use of particular highways by certain vehicles, except as otherwise provided by" certain provisions of the Public Utilities Code. Defendants urge the court to consider this a "safety regulation" because the statute is unambiguous and nothing suggests it is other than a safety regulation. However, nothing in the plain language of the statute indicates that *it is* a safety regulation, or tied to size or weight regulations. "Certain vehicles" is not defined by the statute, and presumably could include those vehi-

---

10. *See* Columbus City Code §§ 549.00–.99; Pet'r Br., *Ours Garage*, 2002 WL 246436, *7–8; Resp't Br., *Ours Garage*, 2002 WL 471823, *6–7.

cles which are tow trucks or local delivery trucks. Indeed, the only California case citing this code section states that it applies to " 'certain classes of vehicles' such as trucks, or tractors, or oversize or 'excessively noisy' vehicles, or those lacking air-inflated tires." *City of Lafayette v. County of Contra Costa,* 91 Cal.App.3d 749, 756 n. 2, 154 Cal.Rptr. 374 (1979). The California Attorney General, when asked to render an opinion as to the impact of § 21101(c), stated that it allows a city or county to "prohibit the use of particular highways by certain classes of vehicles determined to be excessively noisy." 55 Ops. Atty. Gen. 178, 183 (1972). Therefore, § 21101(c) could be used to enact restrictions unrelated to safety or. size or weight. Accordingly, to the extent California Vehicle Code § 21101(c) extends authority to enact a regulation related to a price, route, or service of any motor carrier that is not based on a safety concern or size or weight restriction, it is preempted by 49 U.S.C. § 14501(c)(1).

The remaining statutes challenged in this case are clearly size and weight restrictions. Therefore, they fall within the second clause of § 14501(c)(2)(A) and thus escape preemption as enacted by the State.

## B. Delegation of Authority to Enact Size and Weight Regulations

█ Having decided that the safety regulatory authority exception, § 14501(c)(2)(A), applies to size and weight restrictions with equal force as to safety regulations, the question remains whether the State may delegate the authority to enact size and weight restrictions. *Ours Garage* was silent on the delegation of non-safety related size and weight restrictions because that question was not before the Court. The Court's analysis in *Ours Garage*, however, equally applies to the second clause of the exception and suggests that that provision be treated exactly

as the first and third were in *Ours Garage.* Thus, the State of California may delegate to its municipalities the authority to enact and enforce size and weight restrictions on their streets.

A holding prohibiting such delegation of authority would lead to a glaring anomaly. The State of California would be able to enact a size or weight restriction at the request of a city, but because the preemption clause would prohibit the delegation of the power to enact *or enforce* a regulation, the city would lack the power to enforce that law. *See Ours Garage,* 122 S.Ct. at 2234. The Court's reasoning for finding this result unacceptable as applied to safety regulations also applies to size and weight restrictions.

Additionally, the Court's analysis of the effect of excluding "political subdivisions" from subsection (c)(2)(A), and why that exclusion does not prohibit the delegation of authority, would apply with equal force to the second clause as it does to the first and third. *See id.* at 2233–34. The Court acknowledged the fact that the statute included the term "political subdivisions" in almost every other provision of § 14501. *Id.* at 2232. However, the Court found that taken as a whole, the "statute does not provide the requisite 'clear and manifest indication that Congress sought to supplant local authority' " and thus did not find that excluding "political subdivisions" in § 14501(c)(2)(A) mandated preemption. *Id.* at 2233 (quoting *Wisconsin Public Intervenor v. Mortier,* 501 U.S. 597, 611, 111 S.Ct. 2476, 115 L.Ed.2d 532 (1991)).

Likewise, the Court's reasoning that "local governmental units are created as convenient agencies for exercising such of the governmental powers of the State as may be entrusted to them in its absolute discretion" lends support for finding that states may delegate the power to enact size and weight restrictions to their cities, just as

they may safety regulations. *Id.* at 2234 (quoting *Mortier*, 501 U.S. at 607–08, 111 S.Ct. 2476). Nothing in the Court's reasoning relied on the fact that the challenged statute was based on a concern for safety. Rather, the Court relied on the inherent power of a state to self-govern. *Id.*

Thus, applying the Court's analysis in *Ours Garage* to the remaining size and weight restrictions at issue here mandates reversal of this court's judgment in favor of plaintiffs.

## CONCLUSION

Defendants' motion for reconsideration of the court's October 30, 2001 order is GRANTED. Upon reconsideration, for the reasons explained above, the prior ruling granting judgment on the pleadings to plaintiffs is VACATED IN PART; to the extent California Vehicle Code § 21101(c) grants municipalities the authority to enact price, route, or service regulations not based on a safety concern or size or weight restriction, that section is preempted by 49 U.S.C. 14501(c)(1), and plaintiffs are entitled to judgment in their favor on that issue.[11] Defendants' motion for judgment on the pleadings is GRANTED, with the exception concerning California Vehicle Code § 21101(c) stated above.

IT IS SO ORDERED.

---

11. Defendants' original opposition to plaintiffs' motion for judgment on the pleadings raised alternative arguments concerning the constitutionality of the FAAA Act and necessary parties. These issues were answered in the court's October 30, 2001 order. Those portions of that order stand and are not vacated.