**METROPOLITAN TRANSPORTATION COMMISSION, Plaintiff—Appellee,**

v.

**MOTOROLA, INC., Defendant—Appellant.**

**No. 07–15576.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 23, 2008.

Filed July 1, 2009.

Francis F. Chin, Esquire, Metropolitan Transportation Commission, Oakland, CA, Clement L. Glynn, Esquire, James M. Hanlon, Jr., Esquire, Glynn & Finley, Walnut Creek, CA, for Plaintiff–Appellee.

Paul R. Hurst, Esquire, Howard H. Stahl, Esquire, Steptoe & Johnson, LLP, Washington, DC, Jay Earl Smith, Esquire, Smith Larsen & Wixam, Las Vegas, NV, for Defendant–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: WALLACE, THOMAS, and GRABER, Circuit Judges.

## MEMORANDUM *

Motorola, Inc., appeals from the district court's judgment granting Metropolitan Transportation Commission's ("MTC") joint motion to dismiss and for judgment on the pleadings in a dispute arising out of a contract ("Contract") in which Motorola agreed to design, build, operate, and maintain MTC's TransLink Fare Payment System. We affirm in part, reverse in part, and remand. Because the parties are familiar with the history of this case, we need not recount it here.

We review the district court's order *de novo*. *See Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993) (stating standard of review for orders granting Rule 12(b) and 12(c) motions); *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir.2005) (stating standard of review for decisions on ripeness and jurisdiction).

### I

■ The district court properly held that it had subject matter jurisdiction. In order for a case to be justiciable, it must be ripe for review. "The basic rationale of the ripeness doctrine is to prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 662 (9th Cir.2002) (internal quotation marks omitted). The current dispute is not abstract or hypothetical. MTC alleges that Motorola has breached the Contract by failing to provide a Letter of Credit worth $3 million. Motorola argues that any injury

is hypothetical because MTC has not alleged that it needs recourse to the Letter of Credit. However, MTC has alleged a present breach of a contractual obligation and that it has suffered present damage as a result of the alleged failure to provide a Letter of Credit in the amount specified in the Contract. This claim is ripe for adjudication.

The case is not mooted by MTC's 2003 change order, which included mutual release language. Article 3.1 of the Contract requires Motorola to provide a Letter of Credit that "shall be continuously renewed, extended or replaced so that it remains in effect, as required herein." The amount of the Letter of Credit was reduced in 2004. MTC alleges that it had no reason to reject the Letter of Credit in 2001 or at the time of the change order in 2001. MTC has stated a justiciable controversy as to Motorola's present obligations that was not rendered moot by the release language contained in the 2003 change order.

## II

■The district court properly dismissed Motorola's contract novation counterclaim. Under California law, the party attempting to prove novation must satisfy "four essential requisites: (1) a previous valid obligation; (2) the agreement of all the parties to the new contract; (3) the extinguishment of the old contract; and (4) the validity of the new one." *Young v. Benton,* 21 Cal.App. 382, 131 P. 1051, 1052 (Cal.Dist.Ct.App.1913). Motorola did not allege that the proposed new party, ERG Transit Systems, Inc. ("ERG"), had agreed to be bound by the new contract. Even if Motorola could make a reasonable argument that MTC did agree to novate the Contract and release Motorola from liability, Motorola failed to plead sufficient facts to show that all parties agreed to the new

contract. The district court did not err in dismissing the novation counterclaim.

## III

■ The district court improperly held that, as a matter of law, the Contract was not assigned or delegated to ERG. "Under California law, the interpretation of an assignment clause ... is a question of the intent of the parties and is typically a question of fact for the jury." *Orion Tire Corp. v. Goodyear Tire & Rubber Co.,* 268 F.3d 1133, 1138 (9th Cir.2001). Here, the contractual language is ambiguous and the evidence of the parties' intent is equivocal. The district court examined Article 17.6 and concluded that Motorola may assign or delegate work only "if it complies with the provisions of Chapter 12 of the Contract." However, the text of Article 17.6 never mentions Chapter 12.

The district court also held that Motorola was required to satisfy Articles 17.9 (which relates to modifications or amendments) and 1.4.3 (which relates to waivers) in order to allege that there was an assignment or delegation. However, Motorola does not allege that the assignment was perfected through a modification, amendment, or waiver. Rather, Motorola contends that MTC exercised its right to "approve" the assignment or delegation to ERG under Article 17.6.

Given these plausible differences in contract interpretation, the district court erred in dismissing Motorola's counterclaim.

## IV

■ The district court also erred in dismissing Motorola's counterclaim that MTC breached its duty of good faith and fair dealing. In *California Lettuce Growers, Inc. v. Union Sugar Co.,* 45 Cal.2d 474, 289 P.2d 785, 791 (1955), the California

Supreme Court held that "where a contract confers on one party a discretionary power affecting the rights of the other, a duty is imposed to exercise that discretion in good faith and in accordance with fair dealing."

Article 17.6 gives MTC sole discretion to approve an assignment or delegation, and whether MTC grants approval certainly affects Motorola's rights. Therefore, when Motorola pled that MTC breached its duty of good faith and fair dealing regarding the assignment, it pleaded sufficient facts to defeat MTC's motion to dismiss.

## V

To the extent that Motorola's fourth claim for relief encompasses this theory of breach of the covenant of good faith and fair dealing, it also should not have been dismissed by the district court.

However, the district court properly dismissed the second portion of Motorola's fourth counterclaim, namely, that the security bonds should be reduced based on the course of performance of the parties. First, Motorola's claim is directly contradicted by the Contract. Article 3.2 dictates a specific value at which the bonds be set until the completion of Phase II, not a percentage of the total work remaining. Article 3.2 is not open to different interpretations, and the fact that the parties reduced the value of the bonds one time after Phase I does not mean that the clear language of the provision should be disregarded.

Second, Motorola cannot make a valid claim that MTC accepted the automatic reduction clause in the Letter of Credit when it accepted the Letter of Credit in 1999 and again in 2001. Article 3.1 requires Motorola to continuously renew, extend, or replace the Letter of Credit to ensure that it remains in effect. Motorola's claims do not refute the plain language of the Contract.

## VI

The district court improperly granted judgment on the pleadings to MTC. Judgment on the pleadings is proper when "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir.1990). In its complaint, Motorola has alleged sufficient facts to survive a motion to dismiss with respect to its counterclaims for declarations that (1) MTC approved the assignment of the contract to ERG, and (2) MTC breached its duty of good faith and good dealing with respect to reviewing Motorola's request for assignment of the contract. MTC therefore is not entitled to judgment as a matter of law on its complaint. Because judgment on the pleadings is improper for the reasons set forth above, we need not address the district court rulings on the Motorola's other affirmative defenses.

## VII

In sum, we affirm the district court's dismissal of all of Motorola's counterclaims, except the counterclaims asserting that the Contract had been validly assigned to ERG and that MTC has violated the covenant of good faith and fair dealing, respectively. On those counterclaims we reverse the district court. We also reverse the district court's judgment on the pleadings in favor of MTC.

Each party shall bear its own costs on appeal.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED.**