
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL JEFFRIES, | No.   16-16483 |
| Plaintiff-Appellant, | D.C. No.<br>2:14-cv-01862-KJD-CWH |
| v. | |
| LAS VEGAS METROPOLITAN POLICE<br>DEPARTMENT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted October 13, 2017[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and REINHARDT and TROTT, Circuit Judges.

Michael Jeffries appeals the district court's grant of summary judgment to

Las Vegas Metropolitan Police Department ("Department") on his claims under 42

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts and procedural history of this case, we need not recount them here. We review a district court's decision to grant summary judgment de novo. *Weiner v. San Diego Cty.*, 210 F.3d 1025, 1028 (9th Cir. 2000). We affirm.

I

The district court did not err in considering the exhibits attached to the Department's motion for summary judgment. On a motion for summary judgment, a district court may consider inadmissible evidence as long as the evidence could be presented in an admissible form at trial. *Fraser v. Goodale*, 342 F. 3d 1032, 1036-37 (9th Cir. 2003). Similarly, a district court's consideration of unauthenticated evidence on a motion for summary judgment constitutes harmless error if a competent witness with personal knowledge could have authenticated the evidence. *Hal Roach Studios, Inc. v. Feiner & Co.*, 896 F.2d 1542, 1551 (9th Cir. 1990).

The seven exhibits attached to the Department's motion could be authenticated and provided in an admissible form at trial and the district court did not err by considering the evidence. Deputy Owens authenticated Exhibits A and C by personal knowledge through his deposition testimony. Exhibit F consisted of

2

Jeffries's interrogatory responses, and was authenticated through Jeffries's verification that the responses were accurate.

Although the Department did not authenticate Exhibits D, E, and G, the district court's consideration of those exhibits constitutes harmless error because a competent witness with personal knowledge could authenticate the exhibits at trial.

## II

The district court properly granted summary judgment to the Department on Jeffries's § 1983 claims because he did not establish that his Constitutional rights were violated. To state a prima facie case under § 1983, Jeffries must show (1) the Department acted under color of state law; and (2) deprived Jeffries of a right secured by the United States Constitution. *Karim Panahi v. L. A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988).

## A

The Department did not violate Jeffries's Fourth Amendment right when officers entered his house in response to a 911 call alleging domestic violence after the occupants refused to answer the door. The entry was justified under the exigent circumstance exception to the Fourth Amendment. *See United States v. Martinez*, 406 F.3d 1160, 1164 (9th Cir. 2005) ("When the domestic violence

victim is still in the home, circumstances may justify an entry pursuant to the exigency doctrine."). Nor did any other unreasonable search or seizure occur.

The Department's decision to extend Jeffries's probation and to not confirm his appointment did not violate or deprive Jeffries of his Fourth Amendment right. Jeffries was terminated not for his exercise of any such right, but for his violation of the Department's civil service standards.

B

The Department did not violate or deprive Jeffries of his Fifth Amendment right against self-incrimination because that right was not implicated. Jeffries was not compelled to answer incriminating questions or provide incriminating testimony, and no such testimony was used against him in a criminal case. *See Chavez v. Martinez*, 538 U.S. 760, 767 (2003) ("Statements compelled by police interrogations of course may not be used against a defendant at trial . . . but it is not until their use in a criminal case that a violation of the Self-Incrimination Clause occurs."). Jeffries did not answer any questions at the residence and no statements were used against him in court. The district court properly granted summary judgment on the claim.

## III

The district court properly granted summary judgment to the Department on Jeffries's Fourteenth Amendment Due Process claim. The essential due process safeguards of notice and a hearing apply only to deprivations of liberty or property interests protected by the Fourteenth Amendment. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-70 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.")

We need not decide whether Jeffries possessed some protected property interest in his employment as a probationary, at will employee. Even assuming, *arguendo*, that Jeffries possessed some protected property interest, the Department afforded him sufficient procedural due process by following its procedure applicable to probationary employees. Prior to the non-confirmation decision, the Department provided Jeffries with notice and an informal hearing. Jeffries attended the hearing and presented evidence of mitigating factors in his defense. He received all the process that he was due. The district court properly granted summary judgment on the claim.

**AFFIRMED.**

5

Jeffries v. LVMPD, No. 16-16483

TROTT, Circuit Judge, concurring:

Ordinarily it makes no sense to turn up the heat when the goose has already been cooked, but this case is an exception. The civil rights claims and arguments Jeffries and his attorney bring to us are utterly fanciful, delusional, and legally frivolous. The district court effectively so advised Jeffries and Ms. Chapman in a succinct and persuasive Order, but undaunted they appealed anyway.

This appeal is an waste of precious judicial resources. Jeffries has no case. He was a probationary police officer. His step-son placed a recorded 9-1-1 call to Jeffries' own department reporting that his mother, Pia Zadora, is "going crazy" and had grabbed his neck. When officers responded to the call at Jeffries's home, Jeffries refused to cooperate, shouting at them from inside his house to "come back here and get me." To quote the police report, he also said, "Why don't you fucking come back here and get me." His aggressive response caused the responding officers to call for SWAT backup. Eventually, his wife and step-son came out of the house, but not Jeffries. Because Zadora had been placed under arrest for "Battery Domestic Violence," and the victim of her assault was out of danger, the police wisely took no further action.

And what does Jeffries say about these facts? "I have very little actual recollection of the events of June 1, 2013 due to the fact that I was extremely

intoxicated." "I may or I may not have called out, if I did call out I do not recall what was said." The uncontradicted police report states that Jeffries later admitted having "a couple of drinks at dinner" and later "consumed two bottles of red wine once back at home."

In Jeffries's Opposition to Summary Judgment, counsel said, "The events of June 1, 2013 are for the most part agreed upon without substantive material issue." "Due to his intoxicated state, Plaintiff cannot say what he did or did not say that evening."

In a Supplemental Opposition, counsel tacitly admitted Jeffries's combative behavior but argued that all of it was protected by the Constitution. Counsel described her client's allegedly constitutional behavior she attempts to justify as follows:

> The [Department's] nonconfirmation hearing was based only upon Mr. Jeffries conduct on June 1, 2013, specifically: 1) shouting expletives, specifically 'why don't you fucking come back here and get me' which caused the on scene sergeant to declare a barricade situation and call SWAT out; 2) he made no effort to contact police on the scene; and 3) he failed to obey commands to exit his house and speak with officers on the scene.

Enough.

Three judges' chambers have carefully examined this case and found it

seriously wanting.  I write separately because it behooves counsel to learn from this misadventure that appealing just because you can is unprofessional, as is indiscriminately throwing fatuous civil rights claims and arguments against the wall to see if something sticks.  Worse, to suggest to a client that claims and arguments like these have merit is beyond the pale.  Under no sober reading of the Constitution or 28 U.S.C. § 1983 could this possibly be a civil rights case.

In the final analysis, the most important thing an attorney can have is judgment, not a word processor.  The same is true of a police officer.  Based on his documented behavior as a probationary officer, to give Jeffries a badge, handcuffs, a firearm, and the authority to arrest people would not have been the Las Vegas Metropolitan Police Department's finest hour.