NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 4 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MERIT HEALTHCARE INTERNATIONAL, INC., DBA Merit Pharmaceutical, a California corporation,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>MERIT MEDICAL SYSTEMS, INC., a Utah corporation,<br><br>    Defendant-Appellee. | No.    16-55290<br><br>D.C. No.<br>2:14-cv-04280-FMO-SH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted November 9, 2017
Pasadena, California

Before:  LINN,[**] BERZON, and WATFORD, Circuit Judges.

The district court correctly dismissed Merit Healthcare's declaratory judgment action for lack of an "actual controversy," as required under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

Declaratory Judgment Act, 28 U.S.C. § 2201. *See Merit Healthcare Int'l, Inc. v. Merit Med. Sys., Inc.*, No. 14-4280 FMO (SHx) (C.D. Cal. Jan. 28, 2016).

I

A plaintiff must allege facts that "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Neither the Original Complaint nor the Third Amended Complaint alleges facts that show a substantial controversy between these parties "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*

The Original Complaint identifies various MERIT and MERIT-plus-suffix trademarks and trademark applications used on various products, but does not identify which trademarks are used on which products, sold to which customers, through which trade channels, and in which geographical trade areas by Merit Healthcare and by Merit Medical. Indeed, the Original Complaint makes no mention of any customers, trade channels, or geographic trade areas of overlapping use that might give rise to a likelihood of confusion. To the contrary, the Original Complaint indicates that, despite the similarity of marks and similarity of goods, the parties have coexisted for thirty years without any apparent conflict. Moreover, the Original Complaint contains no allegation that Merit Medical has any plan to alter the status quo.

2

Without any basis to conclude that Merit Medical's use of various trademarks is likely to cause confusion, the similarity of marks and goods cannot itself create an actual controversy, let alone create a reasonable apprehension of suit. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1053–54 (9th Cir. 1999) (noting likelihood of confusion factors and considering geographic overlap between parties). Although we analyze reasonable apprehension of suit from the perspective of Merit Healthcare, reasonable apprehension remains an objective test. *See Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007). Here, any such apprehension was not reasonable on the facts alleged in the Original Complaint.

The rejections of several of Merit Healthcare's MERIT-plus-suffix trademark applications by the United States Patent and Trademark Office ("USPTO") and noted in Merit Healthcare's Original Complaint reflect the actions of the USPTO, not Merit Medical, and cannot establish an actual controversy with Merit Medical. *See MedImmune*, 549 U.S. at 127 (explaining that an actual controversy requires a dispute that touches "the legal relations of *parties* having adverse legal interests" (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937) (emphasis added))); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1556 (9th Cir. 1989) ("The apprehension must have been *caused by the defendant's actions*." (emphasis added)); *Prasco LLC v. Medecis Pharm. Corp.*, 537 F.3d 1329,

1339 (Fed. Cir. 2008) ("[A] case or controversy must be based on a *real* and *immediate* injury or threat of future injury that is *caused by the defendants*." (emphases in original)).

The correspondence between the parties in May 2014 noted in the Original Complaint fails to evince an actual controversy. Merit Medical's May 12, 2014 email in which Merit Medical "expressed doubt that Defendant would consent" to Merit Healthcare's use of MERIT-plus-suffix marks, does not demonstrate that Merit Medical had taken an adverse legal position. Merit Medical had no obligation to agree to a coexistence agreement or even to analyze its position with respect to Merit Healthcare's use of the marks. *See Prasco*, 537 F.3d at 1341 ("A patentee [or a trademark holder] has no obligation to spend the time and money to test a competitors' [sic] product nor to make a definitive determination, at the time and place of the competitors' [sic] choosing, that it will never bring an infringement suit.").

Similarly, Merit Medical's May 14, 2014 letter, "questioning the accuracy of Plaintiff's date of first use of the MERIT mark," and seeking more information does not show that Merit Medical had taken an adverse position. Merit Medical's request for additional information before coming to a decision is far from the explicit (or implicit) threats of litigation found to create justiciable controversies in other cases. *See, e.g.*, *Rhoades*, 504 F.3d at 1158; *SanDisk Corp. v. ST Microelectronics, Inc.*,

4

480 F.3d 1372, 1382 (Fed. Cir. 2007). There is no "circumspect language" in these letters masking an implicit threat of litigation. *See Rhoades*, 504 F.3d at 1157.

The Third Amended Complaint repeats the same essential allegations of infringement from the Original Complaint and similarly falls short of the showing necessary to support jurisdiction under the Declaratory Judgment Act.

II

Merit Healthcare contends that certain statements made during discovery and at the Rule 26(f) conference (hereinafter "post-litigation facts") prior to the filing of its Third Amended Complaint should be considered in assessing standing. *See Northstar Fin. Advisors, Inc. v. Schwab Inv'rs*, 779 F.3d 1036, 1044 (9th Cir. 2015) (considering new allegations in an amended complaint to determine jurisdiction). Merit Medical challenges reliance on such facts, citing *Wilderness Society, Inc. v. Rey*, 622 F.3d 1251, 1257 (9th Cir. 2010), which considered jurisdiction based on the original complaint. We need not resolve the question of timing, because the Third Amended Complaint repeats the same essential factual allegations of the Original Complaint, does not rely on the post-litigation facts to support jurisdiction, and fares no better even if the post-litigation facts are considered.

The district court examined the post-litigation facts and correctly concluded that, even if true, they do not demonstrate an actual controversy. First, the district court observed that Merit Medical's president did not assert that there *was* a

likelihood of confusion, but only that *if* Merit Healthcare were to use the bare MERIT mark on professional healthcare products *sold to Merit Medical's customers*, then there would be a likelihood of confusion. Merit Healthcare has not alleged that it has sold or has imminent plans to sell that product to any of Merit Medical's actual or likely customers. Such a "hypothetical state of facts" falls short of the "definite and concrete" dispute required for jurisdiction under the Declaratory Judgment Act.

Second, Merit Medical's reservation of its rights to file a counterclaim of infringement in answer to the complaint does not establish an actual controversy. Merit Medical was free to answer the complaint without agreeing that Merit Healthcare does not infringe.

Finally, Thomas J. Daly's declaration that Merit Medical's counsel stated that Merit Medical "'will' bring a suit for trademark infringement for Merit Healthcare's use of the MERIT mark with suffixes," is insufficient to create jurisdiction. The declaration does not identify which marks Merit Medical was threatening to assert or which of Merit Healthcare's actions Merit Medical was purporting to limit.

**AFFIRMED.**