17-2971
*Harris-Clemons v. Charly Trademarks Ltd.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand eighteen.

Present:
        PIERRE N. LEVAL,
        RICHARD C. WESLEY,
        DEBRA ANN LIVINGSTON,
           *Circuit Judges*.

---

BETTY HARRIS-CLEMONS,

        *Plaintiff-Appellee*,

      v.                                   17-2971

CHARLY TRADEMARKS LIMITED,

        *Defendant-Appellant,*

CHARLY ACQUISITIONS LIMITED, SONY MUSIC ENTERTAINMENT,

        *Defendants.*

---

For Defendant-Appellant:         PETER R. AFRASIABI, ONE LLP, Newport Beach, CA.

For Plaintiff-Appellee:         KENNETH J. KRAYESKE, Kenneth J. Krayeske Law Offices, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Covello, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED** for proceedings consistent with this order.

Appellant Charly Trademarks Limited ("CTL") appeals from an order of the United States District Court for the District of Connecticut dated August 31, 2017 denying its motion to intervene. *Harris-Clemons v. Sony Music Entm't*, 2017 WL 4750636 (D. Conn. Aug. 31, 2017). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This is not the first time CTL's motion to intervene has made its way to this Court. *See Harris-Clemons v. Charly Acquisitions, Ltd.*, 642 F. App'x 17 (2d Cir. 2016). A history of the proceedings in this case is given in depth in our previous summary order. *See id.* at 18-21. After entering a default judgment against Charly Acquisitions Ltd. ("Charly"), the district court, at Plaintiff's request, amended the judgment to add "Charly Trademarks Ltd." on the theory that it was an "alias" of Charly. CTL had neither been named in the complaint nor served in the action. CTL moved to intervene on May 3, 2014, to dispute its inclusion in the judgment. CTL claimed that it is in fact a separate legal entity, improperly identified as an alias. The district court determined at that time that CTL did not meet the requirements for either intervention as of right or permissive intervention, as its motion was not timely, and CTL had not shown it was a distinct legal entity from Charly, suggesting its interests were already being adequately protected. We vacated that denial by summary order, on the ground that CTL should be given the opportunity to establish that it is in fact a separate legal entity, noting that if

2

it indeed is, then it would be error to find CTL's motion was not timely. We also noted that if CTL is a separate legal entity from Charly, then CTL could intervene to reverse the judgment apparently against it. Following our order vacating the district court's denial and remanding for further proceedings, the district court received additional briefing and evidence on the issue of CTL's corporate separateness. On August 31, 2017, the district court again denied CTL's motion to intervene.

We review the denial of a motion to intervene for abuse of discretion. *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996). Generally, abuse of discretion occurs if the district court "has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010) (internal quotation marks and citation omitted).

To intervene as of right, an applicant "must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Catanzano*, 103 F.3d at 232; *see also* Fed. R. Civ. P. 24(a)(2). If the party fails to satisfy any one of the factors, the application for intervention must be denied. *Catanzano*, 103 F.3d at 232 (citing *Farmland Dairies v. Commissioner*, 847 F.2d 1038, 1043 (2d Cir. 1988)). When considering a motion to intervene by permission under Rule 24(b), Fed. R. Civ. P., a court "considers substantially the same factors" as for an intervention as of right. *"R" Best Produce, Inc. v. Shulman-Rabin Marketing Corp.*, 467 F.3d 238, 240 (2d Cir. 2006).

When this Court previously reviewed CTL's motion to intervene, we determined that if CTL were able to show it is a separate entity, the district court's conclusions that CTL's motion

3

was not timely and that CTL's interests in the matter were adequately represented by Charly would have no basis. On remand, the district court found that CTL failed to prove it is a separate entity, and it again concluded Charly adequately represented its interests in this case. We disagree. To meet its burden on remand, CTL provided the court with (1) an affidavit from one of its directors, Simon Lait; (2) Nevis "Certificates of Renewal" from 2015, 2014, 2013, 2012, 2006, and 2002; (3) a Nevisian "Certificate of Transfer of Domicile" from 1999; and (4) a Nevisian "Endorsement Certificate" from 1999. While Harris-Clemons is correct to point out we deemed a single Nevisian certificate of renewal insufficient and "not properly authenticated" in 2016, the certificate in that case was annexed to the affidavit of CTL's lawyer, Peter Afrasiabi. On remand, CTL relied on the Lait affidavit to authenticate the proffered documents, and Lait averred to personal knowledge of the certificates. *See, e.g., Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1551 (9th Cir. 1989) (finding that testimony by corporation's chairman would be sufficient to authenticate registration statement filed with SEC under Fed. R. Evid. 901(b)(1), even if testimony of attorney was not).[1] Harris-Clemons argues that CTL was required to produce a certificate of incorporation, but our first summary order states simply that something "such as" a certificate of incorporation could establish CTL's assertions of separateness. *Harris-Clemons*, 642. F. App'x at 22. By providing an affidavit of a director authenticating certificates from CTL's transfer to Nevis in 1999, as well as documents supporting its compliance with Nevisian law on registering agents since that time, CTL has come

---

[1] Harris-Clemons argues that the Nevisian certificates provided by CTL are not properly authenticated because they do not contain an "apostille," which would be necessary, by treaty, to authenticate the certificates pursuant to Federal Rule of Civil Procedure ("FRCP") 44(a)(2)(A)(ii). Because this argument is being raised for first time on appeal, we need not consider it. *See Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.") (quoting *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994)).

forward with sufficient evidence that it is more than a "fictitious name or pseudonym" of Charly, *see id.* at n.4, which is all that is required to show that it is a separate legal entity.

As for the motion to intervene, the bar for showing inadequate representation is minimal, *see Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 636 n.10 (1972), and can be satisfied, for example, "by the failure of the representative in the fulfillment of his duty." *Stadin v. Union Elec. Co.*, 309 F.2d 912, 919 (8th Cir. 1962); *see also Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 180 (2d Cir. 2001) (citing collusion, adversity of interest, nonfeasance, or incompetence as situations in which the presumption of adequacy may be overcome). Charly defaulted in this case. We cannot conclude on the bare record here that Charly adequately represents CTL, a separate legal entity, in this action. *Butler, Fitzgerald & Potter*, 250 F.3d at 180 (agreeing that "nonfeasance . . . may suffice to overcome the presumption of adequacy" even when there is an identity of interest between the intervenor and existing party).

The remaining intervenor-related factors are met here as well. Harris-Clemons has already garnished several domain names belonging to CTL in the name of enforcing her judgment against Charly and has held them for several years. This satisfies Rule 24(a)(2)'s requirement of a "direct, substantial, and legally protectable" interest. *Bridgeport Guardians*, 602 F.3d at 473 (quoting *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)). This interest may be impaired if intervention is not permitted.

In sum, the district court abused its discretion in denying CTL's motion to intervene on remand. CTL has made a showing that it is a separate corporation from Charly. By focusing on facts that suggest CTL may be an "alter ego" of Charly, a proposition that CTL contests and that Harris-Clemons has yet to establish, the district court applied the wrong standard. The

5

record developed in the district court contains no basis for naming CTL in the default judgment imposing liability on Charly, either on the theory that it is an alias, or an alter ego, of Charly.[2]

For the reasons stated above, we **VACATE AND REMAND** for additional proceedings consistent with this order. We direct that on remand the district court remove all reference to "Charly Trademarks, Ltd." from the judgment. In the event that CTL seeks to intervene for some purpose beyond its removal from the judgment, the district court should consider in the first instance what continuing interest, if any, would permit CTL's intervention.[3]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] By finding that CTL is a separate legal entity, we do not mean to imply that Harris-Clemons does not, or could not, establish on an appropriate showing that CTL is an alter ego of Charly.

[3] Here, CTL seeks, in the alternative, that the judgment be vacated in its entirety. Because CTL is a separate legal entity from Charly, however, we fail to discern any basis on which it might seek to vacate the judgment against Charly, once CTL, as a separate legal entity, has been removed from that judgment. At any rate, given the disposition here, we need not address the issue.